STATE of Indiana, Appellant (Plaintiff Below),

v.

Bernard T. GATES, Jr., Appellee (Defendant Below).

No. 2–677A234.

Court of Appeals of Indiana, Second District.

Sept. 26, 1979.

Theo. L. Sendak, Atty. Gen., Jack R. O'Neill, Deputy Atty. Gen., Indianapolis, for appellant.

Joseph W. Hadler, Indianapolis, for appellee.

SULLIVAN, Judge.

The appellant State of Indiana has perfected this appeal[1] from a judgment of the trial court acquitting defendant-appellee Bernard Gates, Jr. of the crime of theft. The State presents a reserved question of law: whether Gates' failure to remit certain funds collected for sales tax purposes constituted theft as contemplated by I.C. 6–2–1–49 (Burns Code Ed. 1978) and I.C. 35–17–5–4 (Burns Code Ed. 1975).[2]

The record reveals that Gates operated a retail automobile sales business. Although Gates personally prepared, signed and submitted the Indiana Sales and Use Tax Return for November, 1973, he did not remit to the Indiana Department of Revenue the $2,110.27 collected in sales taxes for that month. The evidence indicates that Gates commingled the tax monies with the proceeds from the business to form one operational fund from which he intended to pay creditors and to remit the sale tax owed. The business, however, became financially unstable, and Gates chose to deplete that fund to pay off certain creditors, leaving nothing to remit to the Indiana Department of Revenue.

The trial court, in acquitting Gates, apparently interpreted the pertinent statutes as not contemplating the commission of theft where a defendant, rather than appropriating such funds to his direct personal use, applies the funds to pay off creditors of a business. We, however, determine that the trial court's interpretation was erroneous.

I.C. 35–17–5–4 defined theft as follows: "*Theft by failure to make required disposition of property received.*—(1) Scope. A person who obtains property upon agreement, or subject to a known legal obligation, to make specified payment or other disposition, whether from such property or its proceeds commits theft if he deals with the property obtained as his own, and either fails to make the required payment or disposition or, if he is a private fiduciary, fails to make the re-

quired payment or disposition after demand has been made by the person legally authorized to do so or by the surety on his bond, except where the actor's obligation in the transaction was limited to a promise or other duty to be performed in the future without any present duty to reserve property for such performance. The foregoing applies notwithstanding that it may be impossible to identify particular property as belonging to the victim at the time of the actor's failure to make the required payment or disposition.

(2) Inferences. A person within the categories listed below shall be inferred to have knowledge of any legal obligation relevant under subsection (1), and shall in addition be inferred to have dealt with the property as his own if he fails to make a required payment or disposition, or if he falsifies a relevant account, or if he has a shortage in a relevant account, or if he, being an officer or employee of the government, fails to pay over to his successor any property remaining in his hands, or deposits government property contrary to law, or exchanges it for other property except as allowed by law:

(a) an officer or employee of the government or of a credit institution; or

(b) a fiduciary; or

(c) a person engaged in a business subject to a statutory obligation to reserve property received or equivalent amounts of his own property for specified purposes."

The State correctly asserts that the "known legal obligation" with which Gates was charged is provided by I.C. 6–2–1–49, which, in pertinent part, states:

"Every retail merchant and in the case of a corporate or partnership retail merchant every officer, employee, or member of such retail merchant who as such officer, employee or member is under a duty to remit such taxes shall be personally

---

1. *See* I.C. 35–1–47–2 (Burns Code Ed. 1979).

2. Repealed by Acts 1976, P.L. 148, § 24.

liable for such taxes, which shall constitute a trust fund in the hands of the retail merchant and shall be owned by the state. Any retail merchant and in the case of a corporate or partnership retail merchant any officer, employee, or member of such retail merchant who as such officer, employee or member is under a duty to remit such taxes and who shall intentionally fail to remit such taxes to the department as required by this chapter shall be guilty of the crime of theft as provided in IC 35–17–5–4 [Repealed], and shall be fined in any sum not exceeding five thousand dollars [$5,000] or imprisoned for not less than one [1] year nor more than ten [10] years, or both, as provided in IC 35–17–5–12 [Repealed]."

Although the State does not contend that Gates had a duty to abstain from commingling sales tax funds with other proceeds of the business, we note that I.C. 6–2–1–49 describes such taxes collected as "a *trust fund* in the hands of the retail merchant and shall be owned by the state." (Emphasis supplied.) Whether such language does in fact prohibit commingling of this nature, however, is not in issue here.

Clearly, Gates intentionally failed to remit the taxes while under a duty to do so. Further, Gates' use of the tax monies to pay off creditors, and thus keep the business going, constituted "deal[ing] with the property obtained as his own" pursuant to I.C. 35–17–5–4. *See Miller v. State* (2nd Dist. 1972) 153 Ind.App. 54, 285 N.E.2d 843.

Statutes providing for a conviction of theft upon an intentional and knowing failure to remit sales tax funds have been upheld and applied in other jurisdictions. *See Commonwealth v. Shafer* (1964) 414 Pa. 613, 202 A.2d 308. The court in *Shafer* also dismissed the argument, which appears to have been a part of the trial court's rationale for acquittal here, that there is no violation where it is the corporation which benefits and not the defendant personally and directly. The court therein stated:

"Lastly, Shafer urges that it is only the corporation of which he is president, and not himself, as an individual, who can be prosecuted under Section 823. Such contention is without merit and Shafer, as president and the principal officer of the corporation, is subject to prosecution under Section 823. The burden, of course, will be upon the Commonwealth to prove, at the trial, that Shafer personally dominated and controlled all the affairs of the corporation. In *Commonwealth v. Stone*, 187 Pa.Super. 225, 229, 144 A.2d 614, 616, that Court stated: 'Individuals are subject to indictments for acts done under the guise of a corporation where the individual personally so dominated and controlled the corporation as to immediately direct its action.' See also: *Commonwealth v. Keppel*, 128 Pa.Super. 80, 85, 193 A. 138.

The rationale which underlies the application of Section 823 to the president in control and domination of a corporation was well expressed by this Court in *Markovitz v. Markovitz*, 336 Pa. 122, 126, 8 A.2d 36, 37–38: 'As Mr. Chief Justice Kephart said in *Tucker v. Binenstock*, 310 Pa. 254, page 263, 165 A. 247, page 250: " 'The fiction of a corporation as an entity distinct from the aggregate of individuals comprising it was designed to serve convenience and justice. There is consequently an exception recognized wherever the rule is known, namely, that the fiction will be disregarded and the individuals and corporation considered as identical whenever justice or public policy demand it and when the rights of innocent parties are not prejudiced thereby nor the theory of corporate entity made useless.' " We have said that " 'a court of equity does not take a skin-keep view of a situation like that here presented. It looks to the substance of the transaction, not to its mere form or color * * * and sees things as ordinary men do. * * *' " *Kendall v. Klapperthal Co.*, 202 Pa. 596, 607, 52 A. 92, 96. 202 A.2d at 313.

Thus, we conclude that the trial court erred in its interpretation of the pertinent

statutes and in its entry of judgment of acquittal.

The appeal is sustained.

BUCHANAN, C. J., and SHIELDS, J., concur.