**STATE of Indiana, Appellant–Plaintiff,**

v.

**Brian WYNNE, Appellee–Defendant.**

No. 49A02–9802–CR–104.

Court of Appeals of Indiana.

Sept. 18, 1998.

Rehearing Denied Nov. 4, 1998.

---

Jeffrey A. Modisett, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellant–Plaintiff.

Katherine A. Cornelius, Marion County Public Defenders Office, Indianapolis, for Appellee–Defendant.

## OPINION

BAKER, Judge.

Appellant-plaintiff State of Indiana appeals the trial court's dismissal of an information charging appellee-defendant Brian Wynne with Forgery,[1] a Class C felony. Specifically, the State contends that it properly charged Wynne with this offense while Wynne argues that he could only have been charged with forging an Indiana identification card as a Class B misdemeanor.

### FACTS

Bennett Hoppes, a recovery agent for State Bonding, traveled to Florida to locate Wynne who had failed to appear in court on other criminal charges. On June 17, 1997, Hoppes apprehended Wynne in Tampa, Florida. While transporting Wynne back to Indiana, Wynne told Hoppes that he had obtained an Indiana identification card at a Marion County license branch with false information in order to avoid apprehension. Record at 3. Hoppes confiscated the card and turned it over to the police. The identification card, issued on January 13, 1997, showed a picture of Brian Wynne but listed a date of birth other than Wynne's. The card also bore the typed name of Scott T. Wynne and was signed as such. R. at 3.

On July 23, 1997, the State charged Wynne with Forgery, a Class C felony under I.C. § 35–43–5–2, and being an Habitual Offender.[2] The information charging Wynne with forgery reads as follows:

Brian Wynne, on or about January 13, 1997, did, with intent to defraud, make a written instrument, that is: a [sic] Indiana

Identification Card ... in such a manner that said instrument purported to have been made with different provisions that is: the name of Scott Wynne and Date of Birth of 5/14/62 appears where the name Brian Wynne and Date of Birth 4/4/64 should appear....

R. at 4. Thereafter, on October 2, 1997, Wynne filed a motion to dismiss the information, alleging that he was improperly charged because IND.CODE §§ 9–24–16–12 and 13, the identification card statutes, specifically provide that forgery of an Indiana identification card is a Class B misdemeanor. R. at 32. Following a hearing on that same day, the trial court granted Wynne's motion to dismiss, finding that the legislature intended that forgery of an identification card be prosecuted as a Class B misdemeanor as specifically referenced in I.C. § 9–24–16–12. R. at 67. The State now appeals.

### DISCUSSION AND DECISION

The State argues that the trial court erred in dismissing the information because the charge adequately alleged that Wynne had committed forgery as a Class C felony. Specifically, the State contends that a person commits forgery when he makes a written instrument with intent to defraud and the charge alleging that Wynne obtained an Indiana identification card under false pretenses closely tracked the forgery statute.

In order to resolve this issue, we initially turn to the provisions of the forgery statute, I.C. § 35–43–5–2, which provides as follows:

A person who, with intent to defraud, makes or utters a written instrument in such a manner that it purports to have been made:

(1) by another person;

(2) at another time;

(3) with different provisions; or

(4) by authority of one who did not give authority;

commits forgery, a Class C felony.

As the information charging Wynne with forgery as a Class C felony seemingly tracked

---

1. IND.CODE § 35–43–5–2.

2. IND.CODE § 35–50–2–8.

the language of the forgery statute, we agree in theory that he was properly charged. However, the actual issue before us is whether the State was required to file charges under the identification card statutes which specifically refer to fraudulent identification cards and make the offense a Class B misdemeanor. Under I.C. § 9–24–16–12(4) a person who:

> (4) knowingly uses false information in the application for an identification card issued under this chapter or for a renewal or duplicate of a card or knowingly makes a false statement or otherwise commits fraud in an application ... commits a Class B misdemeanor.

The companion statute, I.C. § 9–24–16–13 provides that:

> A person who forges or reproduces an identification card issued under this chapter:
>
> (1) with intent to use the card; or
>
> (2) so that the card may be used by another person; commits a Class B misdemeanor.

 In determining whether Wynne was properly charged, we must construe the identification card statutes and our forgery statute. When construing statutes, our primary goal is to determine and effect legislative intent. *Freeman v. State*, 658 N.E.2d 68, 70 (Ind.1995). Moreover, when two statutes address the same subject matter, they are in *pari materia* and we strive to harmonize them wherever possible. *Id.* The legislature is presumed to have existing statutes in mind when it adopts a new law. *Id.* However, a general rule of statutory construction states that when statutes cannot be harmonized and the legislature dealt with the subject matter in a detailed manner in one and a general manner in the other, the de-

tailed statute prevails. *Id.; State v. Greenwood,* 665 N.E.2d 579, 583 (Ind.1996). Additionally, we note that penal statutes are to be construed against the State. *Id.*

 In the instant case, we note an apparent conflict between two statutes defining the crime of forgery. As the plain language of these statutes indicate, I.C. § 35–43–5–2, pertains to forgery in general, while the identification card statutes are specific to forgery of Indiana identification cards. These statutes cannot be harmonized because the identification card statutes make the acts alleged in the charging information a Class B misdemeanor while those same acts would constitute a Class C felony under the forgery statute. In essence, the substance of the statutes reflects a difference without a distinction. Thus, when applying our principles of statutory construction, the more specific identification card statutes, having been enacted after the general forgery statute,[3] reflect more clearly the intent of our legislature.[4] As a result, we conclude that the trial court properly dismissed the information because the State improperly charged Wynne under the forgery statute.

Judgment affirmed.

DARDEN and BAILEY, JJ., concur.

---

3. We note that the current forgery statute was enacted in 1976 and amended in 1977, but predecessor statutes date back as far as 1905. On the other hand, the statutes specific to fraudulent Indiana identification cards were passed in 1976 and most recently amended in 1991.

4. *See, e.g., Weida v. State,* 693 N.E.2d 598 (Ind. Ct.App.1998), *trans. denied,* where this court, in construing IND.CODE § 9–30–5–3 (operating while intoxicated as a Class D felony) and IND.CODE

§ 35–50–2–10 (habitual substance offender), determined that only clear legislative language amending the general statute to include I.C. § 9–30–5–3 violations allowed for double enhancement; *cf. Freeman,* 658 N.E.2d at 70–71, where our supreme court, prior to the statutory amendment discussed in *Weida,* found that I.C. § 9–30–5–3 was the more specific statute and, therefore, that it was the only enhanced punishment to which a defendant may be subjected.