Melissa **SKINNER**, Appellant–
Defendant,

v.

**STATE of Indiana, Appellee.**

Brandon **Cockrell**, Appellant–
Defendant,

v.

**State of Indiana, Appellee.**

No. 49A05–9912–CR–529.

Court of Appeals of Indiana.

July 21, 2000.

Michael E. Caudill, Indianapolis, Indiana, Attorney for Appellants.

Karen M. Freeman–Wilson, Attorney General of Indiana, Adam M. Dulik, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge

In this consolidated interlocutory appeal, Melissa Skinner (Skinner) and Brandon Cockrell (Cockrell) (collectively "Appellants") challenge the trial courts' denials of their motions to dismiss.

We affirm.

The facts relevant to this appeal reveal that on April 29, 1999, the State separately charged [1] Appellants with Defrauding a Financial Institution,[2] a Class C felony. On September 21, 1999, each Appellant filed a Motion to Dismiss for Failure to Properly Charge the Defendant. The respective trial courts denied each Appellant's motion to dismiss. On November 5, 1999, the trial courts certified each Appellant's petition for interlocutory appeal pursuant to Ind. Appellate Rule 4(B)(6) and further ordered the proceedings stayed pending the out-

---

1. Skinner's information read in pertinent part as follows:

   "On or about January 20, 1999, in Marion County, Indiana, Melissa J. Skinner did knowingly execute or attempt to execute a scheme to defraud Indiana Members Credit Union, a state or federally chartered or federally insured financial institution, by depositing into her checking account at Indiana Members Credit Union a counterfeit check, purportedly issued by Bavarian Autosport, and payable to Melissa J. Skinner in the amount of $24,981.65, and then later withdrawing from her checking account at Indiana Members Credit Union all or a portion of the proceeds of such counterfeit check."

   Record at 16.

   Cockrell's information read in pertinent part as follows:
   "On or about January 21, 1999, in Marion County, Indiana, Brandon H. Cockrell did knowingly execute or attempt to execute a scheme to defraud Huntington Bank, a state or federally chartered or federally insured financial institution, by depositing into his checking account at Huntington Bank a counterfeit check, purportedly issued by Matson Lumber Company, and payable to Brandon H. Cockrell in the amount of $19,500.00, and then later withdrawing from his checking account at Huntington Bank all or a portion of the proceeds of such counterfeit check."
   Record at 89.

2. I.C. 35–43–5–8 (Burns Code Ed. Repl.1998).

come of the appeals. This court accepted jurisdiction of the appeals and consolidated Appellants' cases.

The sole issue presented is whether the State properly charged Appellants with defrauding a financial institution instead of check fraud.

Appellants argue that the State should be required to charge them with check fraud under I.C. 35–43–5–12 [3] instead of defrauding a financial institution under I.C. 35–43–5–8. [4] Specifically, Appellants contend that both statutes address the same subject matter and cannot be harmonized because the statutes define the same conduct as a different level or class of crime. Pursuant to I.C. 35–43–5–12, defrauding a financial institution is a Class C felony while under I.C. 35–43–5–8, check fraud in an amount under $25,000 is a Class D felony. Thus, Appellants argue that the two statutes cannot be harmonized and that the more specific and more recently passed check fraud statute should prevail over the more general defrauding a financial institution statute. Appellants further argue that presumably the legislature would not enact a statute with useless provisions or one which is a nullity. Appellants contend that if check fraud is not intended to be treated as a distinct crime from defrauding a financial institution, there is no reason for the legislature to have passed these separate statutes.

In support of their argument, Appellants cite *State v. Wynne* (1998) Ind.App., 699 N.E.2d 717, *trans. denied*. In that case, Wynne was charged with forgery as a Class C felony for obtaining an Indiana identification card at an automobile license branch with false information. A panel of this court noted that the forgery and Indiana identification card statutes could not be harmonized because the identification card statutes made the acts alleged in the charging information a Class B misdemeanor while those same acts would constitute a Class C felony under the forgery statute. *Id.* at 719. The court, in affirming the trial court's ruling, held that Wynne was improperly charged under the forgery statute and should have been charged under the more specific and later enacted identification card statutes. *Id.* To the extent *Wynne* indicates that a prosecutor does not have discretion to choose under which of two existing statutes a defendant will be charged, we decline to follow it.

---

**3.** I.C. 35–43–5–12(b) provides:

"A person who knowingly or intentionally obtains property, through a scheme or artifice, with intent to defraud:
(1) by issuing or delivering a check, a draft, an electronic debit, or an order on a financial institution:
(A) knowing that the check, draft, order, or electronic debit will not be paid or honored by the financial institution upon presentment in the usual course of business;
(B) using false or altered evidence of identity or residence;
(C) using a false or an altered account number; or
(D) using a false or an altered check, draft, order or electronic instrument;
(2) by:
(A) depositing the minimum initial deposit required to open an account; and
(B) either making no additional deposits or making insufficient additional deposits to insure debits to the account; or

(3) by opening accounts with more than one (1) financial institution in either a consecutive or concurrent time period; commits check fraud, a Class D felony. However, the offense is a Class C felony if the person has a prior unrelated conviction under this section or the aggregate amount of property obtained is at least twenty-five thousand dollars ($25,000)."

**4.** I.C. 35–43–5–8(a) provides:

"A person who knowingly executes, or attempts to execute, a scheme or artifice:
(1) To defraud a state or federally chartered or federally insured financial institution; or
(2) To obtain any of the money, funds, credits, assets, securities, or other property owned by or under the custody or control of a state or federally chartered or federally insured financial institution by means of false or fraudulent pretenses, representations, or promises; commits a Class C felony ..."

The State maintains that Appellants were properly charged with defrauding a financial institution. We agree.

In this case, more than one statute appears to define the acts of Appellants as a crime. When this "overlap" in criminal statutes occurs, " 'the Government may prosecute under either so long as it does not discriminate against any class of defendants.... Whether to prosecute and what charge to file or bring ... are decisions that generally rest in the prosecutor's discretion.' " (citations omitted). *Comer v. State* (1981) Ind.App., 428 N.E.2d 48, 54, *trans. denied* (quoting *United States v. Batchelder* (1979) 442 U.S. 114, 123–24, 99 S.Ct. 2198, 2203, 60 L.Ed.2d 755). *See also Kindred v. State* (1970) 254 Ind. 127, 130, 258 N.E.2d 411, 413 (holding that forging the name of another on bank card in order to obtain cash from the bank is specifically covered by the forgery statute and that the State has the option to charge under any statute that has been violated where Kindred argued that there was a specific statute providing for the misuse of a credit card and that the State should be required to prosecute under that statute instead of the forgery statute); *Beech v. State* (1974) 162 Ind.App. 287, 296, 319 N.E.2d 678, 683 (holding that the State may charge under the less specific general theft statute punishable as·a felony instead of the more specific welfare fraud statute punishable as a misdemeanor); *Arnold v. State* (1974) 162 Ind.App. 402, 407, 319 N.E.2d 697, 700, *reh'g denied* (holding that Arnold was properly charged with third degree arson for setting fire to an automobile despite his contention that he should have been charged with fourth degree arson because it specifically includes the word automobile); *Townsend v. State* (1996) Ind.App., 673 N.E.2d 503, 507 & n. 3 (noting that the prosecutor has discretion to charge under either of two similar criminal statutes even though one statute made Townsend's act a Class D felony while the other made it a Class C felony).

"It has long been settled that it is the province of the Legislature to define criminal offenses and to set the penalties for such criminal offenses. There are many factual situations where a charge could be brought under one of several different statutes.... It is sufficient if the indictment or affidavit charges and the evidence proves an offense under a statute, even though the charge might have been brought under a different statute providing a lesser penalty." *Durrett v. State* (1966) 247 Ind. 692, 696–97, 219 N.E.2d 814, 816–17, *cert. denied* (1967) 386 U.S. 1024, 87 S.Ct. 1383, 18 L.Ed.2d 465. The State is not required to prosecute under the more specific of two statutes or under the statute carrying the lesser penalty. *Beech, supra,* 162 Ind.App. at 296, 319 N.E.2d at 684.

If the Legislature did not wish to include an act which constitutes check fraud within the defrauding a financial institution statute, it could have specifically excluded acts constituting check fraud from the purview of the defrauding a financial institution code section. It did not do so.

The judgments are affirmed.

BAILEY, J., and VAIDIK, J., concur.