Cherryl **KIBBEY** and Ronald Kibbey, Appellants–Defendants,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 49A02–0003–CR–155.

Court of Appeals of Indiana.

Aug. 22, 2000.

Kevin P. McGoff, Alicia A. Gooden, Kiefer & McGoff, Indianapolis, Indiana, Attorneys for Appellants.

Karen M. Freeman–Wilson, Attorney General of Indiana, Thomas D. Perkins, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

In this interlocutory appeal,[1] Defendants–Appellants Ronald E. Kibbey (Ronald) and Cherryl A. Kibbey (Cherryl) (collectively "Kibbeys") challenge the trial court's denial in part of their motion to dismiss all charges.

We affirm in part and reverse in part.

### ISSUES

We restate the issues as follows:

1. Whether the trial court properly dismissed the Kibbeys' four counts of theft, under I.C. 35–43–4–2, as Class D felonies, because the State should have charged the defendants under the more specific statute for failure to remit sales tax, I.C. 6–2.5–9–3, as a Class D felony.

2. Whether the trial court erred by not dismissing the Kibbeys four counts of perjury under I.C. 35–44–2–1, as a Class D felony, because the State should have charged the defendants under the more specific statute, I.C. 6–2.5–9–1, as a Class B misdemeanor.

3. Whether the trial court properly determined that the four counts of failure to remit sales tax should not be dismissed although the Indiana Department of Revenue failed to provide notice pursuant to I.C. 6–8.1–5–1.

### FACTS AND PROCEDURAL HISTORY

This case arises out of an investigation by the Indiana Department of Revenue (Department) into one of the Kibbeys' two businesses: Secrets of Indy, Inc. (Secrets).

1. The State of Indiana filed its Request for Certification of Order for Interlocutory Appeal on October 6, 1999. The State wished to appeal the courts dismissal of the theft counts and corrupt business influence charge. The trial court certified that request, and this court accepted jurisdiction on November 19, 1999. However, because the State failed to timely file its brief, this court subsequently dismissed that interlocutory appeal. The Kibbeys then filed a Petition for Permission to File Interlocutory Appeal, which we granted.

Secrets provided food and drink to its customers, as well as rooms, cubicles or booths for adult relaxation and entertainment. Secrets did not pay any sales taxes for its items nor was it licensed as a retail merchant.

The facts relevant to this appeal reveal that on February 16, 1999, the State charged[2] the Kibbeys with: corrupt business influence, a Class C felony; four counts of theft, a Class D felony; four counts of failure to remit sales tax, a Class D felony; four counts of perjury, a Class D felony; and a civil rights violation, a Class B misdemeanor. On August 20, 1999, the Kibbeys filed a motion to dismiss the Information. The trial court dismissed the corrupt business influence and theft charges, but did not dismiss the failure to remit sales tax, perjury, and civil rights violation charges. The trial court's judgment reads:

> 1. If two statutes present an irreconcilable conflict, then the more detailed statute pertaining to the same subject [sic]. *Campbell v. State* 1999 WL 437228, 3 (Ind.Ct.App.1999).
>
> 2. The legislature is presumed to have existing statutes in mind when it creates new law, but if two statutes cannot be harmonized and one deals with subject in detailed manner and [sic] other in general manner the detailed statute supersedes the general statute. *Freeman v. State* 658 N.E.2d 68 (Ind. Supreme Court 1995).
>
> 3. Counts II, III, IV, and V charge the Kibbey [sic] with [t]heft, a Class D Felony, under I.C. 35–43–4–2; however the more specific statute that penalizes the activity of exerting unauthorized control over sales Tax Trust Fund monies is I.C. 6–2.5–9.3, failure to Remit Sales Tax. The more specific statute shall apply, therefore counts II, III, IV and V should be dismissed.
>
> 4. In Count I, the Kibbeys are charged with Corrupt Business Influence, a Class C Felony wherein the State alleges the activity of "Theft", the same conduct as in Counts II, III, IV, and V; because Counts II–V are dismissed herein count I shall also be dismissed.
>
> 5. The State has the authority and discretion to charge the defendants with failure to Remit Sales, Tax Perjury and Civil Rights Violations.
>
> 6. IT IS THEREFORE ORDERED & ADJUDICATED THAT COUNT I, II, III, IV, AND V shall be dismissed; without prejudice; and the Motion to Dismiss counts VI, VII, VIII, IX, X, XI, XIII is hereby DENIED.

Record at 238–39.

With regard to the sales tax counts, the Record reveals that the Kibbeys knew of the duty to collect and remit sales tax monies to the State of Indiana. The Kibbeys, however, never received notice from the Department about failing to pay their sales tax. It appears that because the Kibbeys were not registered with the Department, they did not receive documenta-

---

**2.** What follows lists the information on the theft, failure to remit sales tax, and perjury counts.

The information regarding the four counts of theft read in pertinent part as follows: "Ronald E. Kibbey & Cherryl A. Kibbey ... did knowingly exert unauthorized control over the property of the State of Indiana, that is: Sales Tax Trust Fund Monies owed as an agent of the State of Indiana with intent to deprive the State of Indiana of any part of the value or use of said property ..." Record at 43–4.

The information regarding the four counts of failure to remit sales tax read in pertinent part as follows: "Ronald E. Kibbey & Cherryl A Kibbey ... as [ ] member[s] of a corporate retail merchant ... and having a duty to remit State Gross Retail Taxes to the Indiana Department of Revenue, did knowingly fail to remit those taxes to the State of Indiana ..." Record at 44–6.

The information regarding the four counts of perjury read in pertinent part as follows: "Ronald E. Kibbey ... did make a false, material statement under oath or affirmation, knowing the statement to be false; to-wit presenting Indiana Department of Revenue form ST–105 to Carpetland U.S.A...." Record at 46.

tion that they had a sixty (60) day period to reply and contest the amount due. The Kibbeys now appeal.

### DISCUSSION AND DECISION

Although the Kibbeys agree that the trial court correctly dismissed the theft counts, they contend that the perjury counts should have also been dismissed. They employ the trial court reasoning, which led it to dispose of the theft counts because a more detailed statute covers the same subject matter. The Kibbeys also argue that the trial court erred by not dismissing the four counts of failure to remit sales tax because the Department failed to provide the notice that they must pay. We disagree.

We first address whether the theft and perjury counts should have been dismissed, followed by whether failure to receive notice by the Department constitutes sufficient grounds to dismiss four counts of violating the sales tax statute.

### I. **Standard of Review**

 The issues before us today are questions of law. "When the issue on appeal is a pure question of law, the court should review the matter de novo." *State v. Moss–Dwyer*, 686 N.E.2d 109, 110 (Ind. 1997); *see also Brown v. State*, 653 N.E.2d 77 (Ind.1995); *MacLeod v. Guardianship of Hunter*, 671 N.E.2d 177 (Ind.Ct.App. 1996). When reviewing a matter de novo an appellate court owes no deference to the trial court's legal conclusions. *See State v. J.D.*, 701 N.E.2d 908, 909 (Ind.Ct. App.1998).

### II. *Irreconcilable Conflicts Between Statutes*

The issue we raise *sua sponte* involves the trial court's dismissal of the theft counts. The Kibbeys go to great lengths discussing the dismissal of the theft counts in their brief despite prevailing on that issue at trial. The thrust of their argument is that they have been charged with violating general statutes when more detailed and specific statutes apply. After they attempt to demonstrate the propriety of the trial court's judgment on the theft issue, they then urge this court to apply the same reasoning to dismiss the perjury counts. Both the Kibbeys' argument and the trial court's judgment depend solely on the reasoning of one case, which is *State v. Wynne*, 699 N.E.2d 717 (Ind.Ct.App.1998), *trans. denied.* There, we held that a defendant was improperly charged under a forgery statute and should have been charged under the more specific and later enacted identification card statute. *Id.* at 718. The Kibbeys and the trial court mistakenly infer from this holding that a prosecutor does not have discretion to choose under which of two existing statutes a defendant will be charged. We reverse the trial court's decision to dismiss the theft counts and affirm its judgment regarding the perjury counts.

### a. *Theft and Remit Sales Tax statutes*

The Kibbeys contend that the "Theft; receiving stolen property"[3] and "Personal liability of holding of taxes in trust; failure to collect or remit; offense"[4] statutes address the same subject matter, and cannot be harmonized. They also contend that by filing charges under both the theft and

---

**3.** I.C. 35–43–4–2(a) in pertinent part provides:
"A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony."

**4.** I.C. 6–2.5–9–3 provides:
"An individual who:
(1) is an individual retail merchant or is an employee, officer, or member of a corporate or partnership retail merchant; and

(2) has a duty to remit state gross retail or use taxes ... to the department;
holds those taxes in trust for the state and is personally liable for the payment of those taxes, plus any penalties and interest attributable to those taxes, to the state. If the individual knowingly fails to collect or remit those taxes to the state, he commits a Class D felony."

sales tax statutes, the State has used the same conduct to constitute two offenses. The Kibbeys thus conclude they were not properly charged and the counts in question should be dismissed.

We begin with the well-established proposition that when two criminal statutes "overlap," or more than one statute appears to define the acts of a defendant, "'the Government may prosecute under either so long as it does not discriminate against any class of defendants.... Whether to prosecute and what charges to file or bring ... are decisions that generally rest in the prosecutor's discretion.'" (Citations omitted). *Comer v. State*, 428 N.E.2d 48, 54 (Ind.Ct. App.1981), *trans. denied*, (quoting *United States v. Batchelder* (1979) 442 U.S. 114, 123–24, 99 S.Ct. 2198, 2203, 60 L.Ed.2d 755). *See also Beech v. State*, 162 Ind. App. 287, 319 N.E.2d 678, 683 (1974) (holding that the State may charge under the less specific general theft statutes punishable as a felony instead of the more specific welfare fraud statute punishable as a misdemeanor); *Arnold v. State*, 162 Ind.App. 402, 319 N.E.2d 697, 700 (1974), *reh'g denied*, (holding that Arnold was properly charged with third degree arson for setting fire to an automobile despite his contention that he should have been charged with fourth degree arson because it specifically includes the word "automobile").

In limited circumstances, however, where two statutes *necessarily* cover (1) the same subject matter and (2) defy harmonization, the State may be required to bring charges under the more specific and more recent statute. *See Wynne*, 699 N.E.2d at 719. A court probes two statutes claimed to be in conflict and determines whether they cover the same subject matter by comparing their elements. *See Duren v. State*, 720 N.E.2d 1198, 1203 (Ind.Ct.App.1999), *trans. denied*. When two statutes contain quite different elements, a court must conclude that the "statutes do not address the same subject matter," and there no longer remains a "need to attempt to harmonize the statutes or to determine which statute is more detailed." *Id.*

On the other hand, if a court determines that two statutes necessarily "address the same subject matter, they are in pari materia and [the court must] strive to harmonize them whenever possible." *Id.* (citing *Wynne*, 699 N.E.2d at 719). Harmonization requires a court to construe both statutes and examine the legislative intent closely. *Id.* "The legislature is presumed to have existing statutes in mind when it adopts a new law." *Wynne*, 699 N.E.2d at 719. Nevertheless, a general rule of statutory construction dictates "that when statutes cannot be harmonized and the legislature dealt with the same subject matter in a detailed manner in one and a general manner in the other, the detailed statute prevails," *Id.*

We mentioned earlier that the corner stone of the Kibbeys argument rests on *State v. Wynne*, 699 N.E.2d 717 (Ind.Ct. App.1998), *trans. denied*. In *Wynne*, the defendant was charged with forgery as a Class C felony for obtaining an Indiana identification card from an automobile license branch with false information. *See id.* at 718. A panel of this court noted that the forgery and Indiana identification card statutes could not be harmonized because the identification card statutes made the acts alleged in the charging information a Class B misdemeanor while those same acts would constitute a Class C felony under the forgery statute. *See id.* at 719. Because the court concluded that the defendant was improperly charged under the forgery statute and should have been charged under the more specific identification card statutes, it dismissed the charges. *See id.*

*Wynne* is distinguishable from the case at bar because the theft and sales tax statutes do not cover the same subject matter and, assuming arguendo that they do cover the same subject matter, the

statutes can be harmonized. The theft statute is intended to punish those "who knowingly or intentionally exert[ ] *unauthorized control* over property of another . . . *with intent to deprive* the other person of any part of its value or use." I.C. 35–43–4–2(a) (emphasis added). The sales tax statute is intended to punish those corporate retail merchants who have "a duty to remit state gross retail or use taxes" but "knowingly fail[ ] to collect or remit those taxes to the state." I.C. 6–2.5–9–3. It also dictates that the violators of this statute *"hold those taxes in trust* for the state . . ." I.C. 6–2.5–9–3 (emphasis added).

■ The theft and sales tax statutes do not cover the same subject matter. In *State v. Gates,* 182 Ind.App. 214, 394 N.E.2d 247 (1979), a small business owner who collected sales taxes and paid his creditors, rather than state, was held personally liable at trial for violating the sales tax statute; however, the trial court acquitted him of theft. The State appealed this issue and a panel of this court held that failure to remit certain funds collected for sales tax purposes could constitute theft. *See id.* at 394 N.E.2d at 248–49. Specifically, this court considered the intentional conduct of diverting funds collected for taxes to the payment of other creditors as evidence of theft. *See id.*

*Gates* demonstrates that the acts satisfying a violation of the sales tax statute may or may not satisfy a violation of the theft statute. As in *Gates,* a jury could find that the Kibbeys' failed to pay sales tax but did not commit theft. Taking the allegations as true, its clear that the Kibbeys did not remit sales taxes. A jury could determine that they knowingly failed to pay taxes, but that the conduct was not done intentionally to deprive the State of the money. Because the crime of theft requires the State to prove the intent to deprive another of the value or use of the property, and the crime of failure to remit sales tax does not require such proof, the statutes do not cover the same subject matter.

■ Moreover, even if both statutes cover the same subject matter, they do not conflict as they provide for the same level of punishment. Here, the State has charged the Kibbeys with violating both the tax and theft statutes. Both statutes provide for the same level of punishment. A defendant who violates either statute is guilty of a Class D felony. Unlike in *Wynne,* where the general forgery statute provided for a Class C felony and the more specific statute provided for a B misdemeanor, the Kibbeys may be guilty of a D felony under either the theft or sales tax statute. Thus *Wynne's* harmonization problem does not exist here.

We hold that an irreconcilable conflict does not exist between the theft statute, I.C. 35–43–4–2, and the sales tax statute, I.C. 6–2.5–9–3. As such, the theft counts must be reinstated, as well as the corrupt business influence charge because the trial court dismissed the corrupt business influence count based on the theft counts being dismissed.

b. *Perjury statutes*

Next, we address the Kibbeys' contention that the trial court erred in not dismissing the four counts of perjury. They argue, in identical fashion, the same issues we disposed of when we addressed irreconcilable conflict between the theft and sales tax statutes above. The Kibbeys argue the "Perjury"[5] and "Exemption certifi-

---

**5.** I.C. 35–44–2–1 provides:
 "(a) A person who:
 (1) makes a false, material statement under oath or affirmation, knowing the statement to be false or not believing it to be true; or
 (2) has knowingly made two (2) or more material statements, in a proceeding before a court or grand jury, which are inconsistent to the degree that (1) of them is necessarily false;
 commits perjury, a Class D felony.
 (b) In the prosecution under subsection (a)(2) of this section:
 (1) the indictment or information need not specify which statement is actually false; and

cates; unlawful issuance or acceptance; offenses" [6] statutes address the same subject matter, and cannot be harmonized. Aside from being poorly articulated, this argument lacks any merit to the extent that we are unsure why the Kibbeys raise this issue in an interlocutory appeal. The statutes in question are simply different creatures of law, and they bear no resemblance to the two forgery statutes found in *Wynne* so as to compel that outcome in this case.

■ The perjury statute and certificate of exemptions statute do not cover the same subject matter. As we stated earlier, a court looks at the face of two statutes claimed to be in conflict and compares their elements to determine whether both statutes necessarily cover the same subject matter, and hence the same conduct. *See Duren*, 720 N.E.2d at 1203. The perjury statute is intended to punish those individuals who "[1] make a false, [2] material statement [3] under oath or affirmation, [4] knowing the statement to be false ..." I.C. 35–44–2–1(a)(1). It also punishes for false statements made *in a proceeding before a court* or *grand jury*. I.C. 35–44–2–1(a)(2) (emphasis added). The exemption certificate statute is intended to punish those who "[1] issue[s] an exemption certificate, [2] with the intention of [3] unlawfully avoiding the payment of state gross or use tax ..." I.C. 6–2.5–9–1(a). It also punishes those who unlawfully accept such certificates knowingly. I.C. 6–2.5–9–1(b).

Only the *mens rea* elements, "knowing" and "with the intention," may be in common between the perjury and exemption certificate statutes. In the perjury statute, the element "under oath or affirmation" alone distinguishes the conduct that the statute intends to punish. It may also explain why in violating the perjury statute a defendant has committed a Class D felony, but when a defendant violates the exemption certificate statute he has committed a B misdemeanor. Furthermore, the perjury statute speaks of false material statements being made. This element, necessary for a perjury count, cannot be found in the exemption certificate statute. The commonality of one element between two statutes, along with a false material statement being made using an exemption certificate, does not lead us to conclude that the statutes in question cover the same subject matter or conduct.

To the contrary, this is a prime example of where the prosecutor has unfettered discretion to choose under which of two statutes should the charges be brought. *See Comer*, 428 N.E.2d at 54. "There are many factual situations where a charge could be brought under one of several different statutes.... It is sufficient if the indictment or affidavit charges and evidence proves an offense under a statute, even though the charge might have been brought under a different statute providing a lesser penalty." *Durrett v. State*, 247 Ind. 692, 219 N.E.2d 814, 816–17 (1966), *cert. denied.* Therefore, we hold that a conflict does not exist between the two perjury statutes, I.C. 35–44–2–1 and I.C. 6–2.5–9–1.

### III. *No Notice for Failure to Remit Sales Tax*

■ Finally, the Kibbeys contend that, because the Department failed to give required notice, the trial court erred by not dismissing the four counts of failure to remit sales tax. Specifically, the Kibbeys argue that once the Department reason-

---

(2) the falsity of a statement may be established sufficient for conviction, by proof that the defendant made irreconcilably contradictory statements which are material to the point in question."

**6.** I.C. 6–2.5–9–1 provides:

"(a) A person who issues an exemption certificate, with the intention of unlawfully avoiding the payment of the state gross or use tax, commits a Class B misdemeanor. (b) A person who accepts an exemption certificate with the intention of helping the issuer unlawfully avoid paying the state gross retail or use tax, commits a Class B misdemeanor."

ably believed that they were not paying taxes, the requirement of notice was triggered and the Kibbeys should have had sixty (60) days to respond and contest the amount due. The Kibbeys rely on I.C. 6–8.1–5–1[7] to construe the notice requirement as mandatory, regardless of whether the Department brings a civil or criminal proceeding. The State, on the other hand, argues that the statutory notice applies only to civil proceedings. We agree with the State.

While the Kibbeys may have been entitled to a sixty (60) day notice to protest an *assessed* amount in a civil proceeding to collect taxes, that notice is not required for the State to pursue criminal proceedings. "The statutory procedure of I.C. 6–8.1–5–1 are mandatory to protect and afford notice to the taxpayer *of a possible dispute* of the tax amount for the period in question." *UACC Midwest, Inc. v. Indiana Dept. of State Revenue*, 629 N.E.2d 1295, 1301 (Ind. Tax 1994) (emphasis added). The statute dictates that the Department must give notice to a person who "has not reported the proper amount to taxes due ... [and] make a proposed assessment of the amount of the unpaid taxes ..." I.C. 6–8.1–5–1. This language contemplates a procedure in which a dispute arises regarding tax payments and their amount. It does not contemplate intentional nonpayment where a person knowingly does not pay taxes.

A person who knowingly fails to remit sales tax has already consciously risked being found guilty of a Class D felony. *See* I.C. 6–2.5–9–3. Moreover, a person who knowingly commits a crime in violation of I.C. 6–2.5–9–3 is not afforded the claim that notice was not provided, because that person is cognizant of his crimi

nal act and thus need not be notified of that act. Here, the State brought criminal proceedings against the Kibbeys for their knowing failure to remit sales tax, as required by law. The Kibbeys did not register with the Department. Their intentional acts of failure to remit sales tax, rather than a possible dispute of the sales tax they owed, subjected the Kibbeys to a criminal proceeding; and therefore, the State was not required to give the Kibbeys notice that they had sixty (60) days to cure their criminal act.

### CONCLUSION

We hold that an irreconcilable conflict does not exist between the theft statute, I.C. 35–43–4–2, and the failure to remit sales tax statute, I.C. 6–2.5–9–3. We also hold that an irreconcilable conflict does not exist between the perjury statute, I.C. 35–44–2–1, and the exemption certificate statute, I.C. 6–2.5–9–1. In addition, we hold that the Department's failure to provide notice, pursuant to I.C. 6–8.1–5–1, before initiating a criminal proceeding constitutes insufficient grounds to dismiss charges brought under I.C. 6–2.5–9–3. Accordingly, we reverse the trial court's dismissal of the theft counts and corrupt business influence charge, and affirm the trial court's judgment pertaining to the perjury counts, the failure to remit sales tax counts, and the civil rights violation count.

This cause is reversed in part and affirmed in part.

BAKER, J., and KIRSCH, J., concur.

---

7. I.C. 6–8.1–5–1 in pertinent part provides:
(a) "If the department reasonably believes that a person *has not reported the proper amount* of tax due, the department *shall make a proposed assessment of the amount of the unpaid tax* on the basis of the best information available to the department. The amount of the assessment is considered a tax payment not made by the due date and is subject to ... then imposition of

penalties and interest. *The department shall send the person a notice of the proposed assessment* through the United States mail." (Emphasis added).
\* \* \* \*
(c) "The notice shall state that the person has sixty (60) days from the date the notice is mailed *to pay the assessment or to file a written protest.*" (Emphasis added).