ATTORNEY FOR APPELLANT ATTORNEYS FOR APPELLEE

Michael E. Caudill Karen M. Freeman-Wilson
Indianapolis, Indiana Attorney General of Indiana

 Adam M. Dulik
 Deputy Attorney General
 Indianapolis, Indiana

 IN THE

 SUPREME COURT OF INDIANA

MELISSA SKINNER, )
 )
 Appellant (Defendant Below), )
 )
 v. )
 ) 49S05-0010-CR-592
STATE OF INDIANA, ) in the Supreme Court
 )
 Appellee (Plaintiff Below). )

BRANDON COCKRELL, )
 ) 49A05-9912-CR-529
 Appellant (Defendant Below), ) in the Court of Appeals
 )
 v. )
 )
STATE OF INDIANA, )
 )
 Appellee (Plaintiff Below). )

 APPEAL FROM THE MARION SUPERIOR COURT
 The Honorable Gary Miller, Presiding Judge
 Cause No. 49G05-9905-CF-078437 (Skinner)
 Cause No. 49G06-9905-CF-078436 (Cockrell)

 October 20, 2000

SHEPARD, Chief Justice.

 The State charged appellants Melissa J. Skinner and Brandon H.
Cockrell with defrauding a financial institution, Ind. Code Ann. § 35-43-5-
8 (West 1998), in cases arising out of separate facts.

 Appellants assert that the allegations against them also fall under
the statute that criminalizes check fraud, Ind. Code Ann. § 35-43-5-12(b)
(West 1998). Relying on State v. Wynne, 699 N.E.2d 717 (Ind. Ct. App.
1998), they contend that the State may charge them only with check fraud,
the check fraud statute being both more specific and more recently adopted.
 The net result of accepting this contention would be reducing the class of
felony and therefore the potential penalty.

 The Court of Appeals in this appeal declined to follow Wynne.
Instead, it held that when two criminal statutes overlap such that either
may cover a given set of facts, the prosecutor has the discretion to charge
under either statute. Skinner v. State 732 N.E.2d 235 (Ind. Ct. App.
2000).

 We grant transfer and summarily affirm the opinion of the Court of
Appeals in these consolidated cases. Ind. Appellate Rule 11(B)(3). The
decision in State v. Wynne is disapproved.

 The judgments of the trial court are thus affirmed.

Dickson, Sullivan, Boehm, and Rucker, JJ., concur.