## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 27 2019, 5:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Russell W. Brown, Jr.
King, Brown & Murdaugh, LLC
Merrillville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeffrey P. Zbyrowski,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 27, 2019<br><br>Court of Appeals Case No.<br>18A-CR-1847<br><br>Appeal from the Porter Superior Court<br><br>The Honorable Jeffrey W. Clymer, Judge<br><br>Trial Court Cause No.<br>64D02-1311-FB-10121 |

**Mathias, Judge.**

[1] Jeffrey Zbyrowski ("Zybrowski") appeals the Porter Superior Court's denial of his request to file a belated appeal pursuant to Post Conviction Rule 2.

We affirm.

## Facts and Procedural History

Zbyrowski was charged with two counts of Class B felony rape, two counts of Class C felony incest, and two counts of Class D felony criminal confinement. On February 6, 2015, Zbyrowski entered into a plea agreement where he pleaded guilty to two counts of incest as a class C felony and two counts of criminal confinement as a class D felony, and the two counts of rape were dismissed. The plea agreement set a cap of eight years incarceration but otherwise provided for probation sentencing by the trial court with the only limitation being that statutory sentences would run consecutively. Appellant's App. p. 57. The plea agreement also provided, "I waive all right to appeal my conviction, my sentence, any restitution order imposed, or the manner in which my conviction, my sentence, or the restitution order was determined or imposed on any grounds in this cause." *Id.* at 59.

At the hearing in which the trial court accepted the guilty plea, the following exchange occurred:

> THE COURT: If you do that, you'll waive certain rights. You'll waive your right to [a] public and speedy trial by court or by jury. There will be no trial. You'll waive the presumption of innocence. The State will not have to prove anything. You'll waive your right to face and cross-examine the State's witnesses, as well as the right to have me subpoena witnesses to testify in your favor. You'll waive your right to remain silent and, in fact, you will be testifying against yourself. If we went to trial and if you were convicted, you could appeal that decision to the

Indiana Appellate Court System. Do you understand that you are, in fact, waiving all of those rights?

ZBYROWSKI: Yes.

Plea Tr. p. 3. The trial court then scheduled a sentencing hearing to be held on a later date. At the sentencing hearing, Zbyrowski was sentenced to twenty-two years, with fourteen years suspended. At the conclusion of the sentencing hearing, held over a month after the plea was accepted, the trial court told Zbyrowski,

> you're entitled to take an appeal or file a motion to correct error with regard to the sentence; not the convictions, but the sentence. If you wish to file a motion to correct error, it must be done within 30 days of today's date. If you wish to take an appeal, you must file a notice of appeal stating what it is you want included in the record on appeal, and that must also be done within 30 days of today's date. If you're financially unable to employ an attorney to carry out that process, we will inquire into your resources and appoint a public defender if that's what you wish.

Sentencing Tr. pp. 12–13. Before the end of the sentencing hearing, the trial court then informed Zbyrowski once again that he had thirty days to file either a notice of appeal or motion to correct error. *Id.* at 13.

[4] Zbyrowski was then transferred to the Department of Correction ("DOC"). While in the DOC, he wrote two letters to his trial counsel asking whether appellate counsel had been appointed to file an appeal on his behalf. He

received no response from trial counsel, but received his file in October of 2015 and learned that no appeal had been filed on his behalf.

[5] In January of 2016, Zbyrowski, acting pro se, filed a Petition for Post-Conviction Relief. The Public Defender's office was then appointed to represent Zbyrowski, but this representation ended when Zbyrowski was released from incarceration on or about March 11, 2018. Zbyrowski, through private counsel, then filed a Verified Petition for Permission to fie a Belated Notice of Appeal pursuant to Indiana Post Conviction Rule 2 on June 14, 2018. The State objected, and the trial court denied the petition without a hearing. Zbyrowski now appeals the denial of his Verified Petition for Permision to file a Belated Notice of Appeal.

## Discussion and Decision

[6] "[A] defendant may waive their right to appellate review of his sentence as part of a written plea agreement." *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008). However, a "defendant who can establish in a post-conviction proceeding that his plea was coerced or unintelligent is entitled to have his conviction set aside." *Id*. When the issue on appeal is a pure question of law, the court should review the matter de novo. *Kibbey v. State*, 733 N.E.2d 991, 995 (Ind. Ct. App. 2000)

[7] This court has repeatedly addressed the issue of whether a defendant can appeal after waiving his or her right to appeal as a part of a plea agreement. In *Creech*, the Indiana Supreme Court explained that:

While we take this opportunity to emphasize the importance of avoiding confusing remarks in a plea colloquy, we think the statements at issue are not grounds for allowing Creech to circumvent the terms of his plea agreement.

Creech does not claim that the language of the plea agreement was unclear or that he misunderstood the terms of the agreement at the time he signed it, but rather claims that his otherwise knowing and voluntary plea lost its knowing and voluntary status because the judge told him at the end of the sentencing hearing that he could appeal.

\*\*\*

By the time the trial court erroneously advised Creech of the possibility of appeal, Creech had already pled guilty and received the benefit of his bargain. Being told at the close of the hearing that he could appeal presumably had no effect on that transaction.

887 N.E.2d at 76-77. *Cf. Ricci v. State*, 894 N.E.2d 1089 (Ind. Ct. App. 2008) (holding that the trial court's erroneous statements regarding ability to appeal made at the time of the entry of the plea did negate the waiver of the right to appeal in the plea), *trans. denied*.

[8] Zbyrowski waived his right to appeal "on any grounds" as a part of the negotiated plea. Appellant's App. p. 59. Because the terms of the plea agreement clearly state that Zbyrowski waived his right to appeal on any grounds, and because this was the court's understanding of the agreement at the time the plea was accepted by the court, the statement by the court regarding

appeal rights at the sentencing hearing well after the plea was negotiated and accepted does not negate Zbyrowski's waiver of his appeal right.[1]

# Conclusion

[9] We take this opportunity to remind trial courts of the dangers of reciting improper boilerplate at any point in court proceedings and especially during plea bargains and sentencings[2]. However, as the language used by the trial court at sentencing in this matter did not change Zbyrowski's initial waiver of his right to appeal in his plea agreement, we affirm the trial court's denial of his motion to file a belated appeal.

[10] Affirmed.

Vaidik, C.J., and Crone, J., concur.

---

[1] Because we determine that Zbyrowski waived his right to appeal, we do not reach whether Indiana Post-Conviction Rule 2 would have allowed him the ability to file a belated appeal in this matter.

[2] The judge who sentenced Zbyrowski retired prior to Zbyrowski's filing of the Verified Petition for Permission to file a Belated Notice of Appeal. The specific petition on appeal was decided by the current judge, who did not sentence Zbyrowski.