**Melissa SKINNER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**Brandon Cockrell, Appellant (Defendant Below),**

v.

**State of Indiana, Appellee (Plaintiff Below).**

No. 49S05–0010–CR–592.

Supreme Court of Indiana.

Oct. 20, 2000.

Michael E. Caudill, Indianapolis, Indiana, for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Adam M. Dulik, Depu-ty Attorney General, Indianapolis, Indiana, for Appellee.

SHEPARD, Chief Justice.

The State charged appellants Melissa J. Skinner and Brandon H. Cockrell with de-frauding a financial institution, Ind.Code Ann. § 35–43–5–8 (West 1998), in cases arising out of separate facts.

Appellants assert that the allegations against them also fall under the statute that criminalizes check fraud, Ind.Code Ann. § 35–43–5–12(b) (West 1998). Rely-ing on *State v. Wynne,* 699 N.E.2d 717 (Ind.Ct.App.1998), they contend that the State may charge them only with check fraud, the check fraud statute being both more specific and more recently adopted. The net result of accepting this contention would be reducing the class of felony and therefore the potential penalty.

The Court of Appeals in this appeal declined to follow *Wynne.* Instead, it held that when two criminal statutes overlap such that either may cover a given set of facts, the prosecutor has the discretion to charge under either statute. *Skinner v. State* 732 N.E.2d 235 (Ind.Ct.App.2000).

We grant transfer and summarily affirm the opinion of the Court of Appeals in these consolidated cases. Ind. Appellate Rule 11(B)(3). The decision in *State v. Wynne* is disapproved.

The judgments of the trial court are thus affirmed.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.