Sandra Marie **HENDRIX**, Appellant (Defendant below),

v.

**STATE of Indiana**, Appellee (Plaintiff below).

No. 57S00–0008–CR–509.

Supreme Court of Indiana.

Dec. 20, 2001.

Susan K. Carpenter, Lorraine L. Rodts, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Sandra Marie Hendrix was convicted of drug dealing and sentenced to 60 years, including 30 years for being a habitual offender. We find that the State was authorized to seek a general habitual offender enhancement, rather than the habitual substance offender enhancement. However, we remand to the trial court for resentencing because it was under the mistaken impression that the enhancement had to be attached to the most severe felony of which Defendant was convicted.

## Background

The facts most favorable to the judgment indicate that defendant sold crack cocaine and marijuana to Carl Kahler. Kahler, a friend of Defendant's, had been charged with theft. He was working as a confidential drug informant in exchange for lenient treatment in his theft case. Kahler arranged a drug transaction with Defendant for August 15, 1998. After the first transaction, Defendant arranged a second transaction to occur on August 28, 1998. During the first transaction, Defendant sold 1.63 grams of crack to Kahler. During the second transaction, Defendant sold Kahler 3.09 grams of crack and 2.1 grams of marijuana.

Defendant was convicted of Dealing in Cocaine, a Class B felony;[1] Dealing in Cocaine, a Class A felony; and Dealing in Marijuana, a Class A misdemeanor.[2] Defendant was also found to be a habitual offender. She was sentenced to a total of 60 years in prison.

## Discussion

### I

Defendant contends that she should have been charged as a "habitual substance offender" according to Indiana Code § 35–50–2–8 rather than the harsher habitual offender statute, Indiana Code § 35–50–2–10.

Defendant was charged as a habitual offender under Indiana's general habitual offender statute, which states: "The state may seek to have a person sentenced as a habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person

---

1. Ind.Code § 35–48–4–1 (1998).

2. *Id.* § 35–48–4–10.

has accumulated two (2) prior unrelated felony convictions." Ind.Code § 35–50–2–8(a) (1998).

The statute requires that a person found to be a habitual offender "shall be sentence[d] ... to an additional fixed term that is not less that the presumptive sentence for the underlying offense nor more than three (3) times the presumptive sentence for the underlying offense. However, the additional sentence may not exceed thirty (30) years." I.C. § 35–50–2–8(e) (1998). Because the presumptive sentence for a Class A felony is 30 years, therefore, where a habitual offender conviction is attached to a Class A felony, the sentence enhancement must be 30 years. I.C. § 35–50–2–4.

Indiana Code § 35–50–2–10, the habitual substance offender statute, is similar to the general habitual offender statute. The statute applies where "the jury ... or the court ... finds that the state has proved beyond a reasonable doubt that the person had accumulated two (2) prior unrelated substance offense convictions." I.C. § 35–50–2–10(e). The statute requires that a habitual substance offender be sentenced to an additional three to eight years. I.C. § 35–50–2–10(f). Even where the underlying crime is a Class A felony, the habitual substance offender cannot add more than eight years. *Id.*

Certain classes of criminals will meet the requirements of both the habitual offender statute and the habitual substance offender statute. The habitual offender statute includes people who have been convicted of three separate felonies. The habitual substance offender statute includes people who have been convicted of three substance offense convictions. An individual who is convicted of three felony substance abuse convictions will, by definition, meet the criteria for both statutes.

■ We have previously held that where two criminal statutes overlap such that both are appropriate under the circumstances, the prosecutor has the discretion to charge under either statute. *See Skinner v. State,* 736 N.E.2d 1222, 1222 (Ind.2000). We hold that this principle applies in the habitual offender context as well. Where a defendant could be prosecuted under either the habitual offender statute or the habitual substance offender statute, the prosecutor has discretion to choose either statute.

Although both statutes implicate Defendant, Defendant argues that the legislature intended all substance abuse offenders to be charged under the habitual substance offender statute. Defendant suggests that the "General Assembly intended to punish the recidivism of habitual substance offenders ... more leniently than habitual violators generally." (Appellant's Br. at 8.) Defendant regards the existence of the habitual substance offender statute as a signal of the legislature's intent to treat repeat drug offenders more leniently than those that meet the criteria of the general habitual offender statute: "The very existence of such a mechanism for leniency compels the conclusion that the Indiana legislature intended its application to all those to whom it might reasonably be applied." *Id.*

■ The primary rule in statutory construction is to ascertain and give effect to the intent of the legislature. *See Chambliss v. State,* 746 N.E.2d 73, 77 (Ind.2001); *Bartlett v. State,* 711 N.E.2d 497, 501 (Ind. 1999). "The best evidence of legislative intent is the language of the statute itself, and all words must be given their plain and ordinary meaning unless otherwise indicated by statute." *Chambliss,* 746 N.E.2d at 77.

■ The plain language of both the habitual offender and habitual substance of-

fender statutes encompass the action of a repeat felony drug offender and there is no reason to believe that the plain language of the substance offender statute does not fully reflect the legislature's intent. The relatively moderate sentencing provisions of the habitual substance offender statute suggests that the legislature intended a certain class of repeat offenders to be treated more leniently. Specifically, any repeat drug offender may be sentenced to an additional three to eight years. This includes misdemeanor drug offenders as well as felony drug offenders. *See* I.C. § 35–50–2–10(a)(1) (" 'Substance offense' means a *Class A misdemeanor or a felony* in which the possession, use, abuse, delivery, transportation, or manufacture of alcohol or drugs is a material element of the crime.") (emphasis added). Unlike the habitual substance offense statute, the general habitual offender statute only punishes repeat felons. *See* I.C. § 35–50–2–8(d). The habitual substance offender statute punishes repeat offenders whether the underlying convictions were misdemeanors or felonies, while the general habitual offender statute is reserved for criminals who have repeatedly been convicted of felonies.

Defendant suggests that the difference between the two statutes reflects the legislature's desire to treat drug offenders more leniently than offenders with multiple convictions for other felonies. The statutes, however, are better explained as part of the legislatures desire to treat felonies more harshly than misdemeanors.[3] Where, as in this case, a defendant commits three felony drug offenses, the prosecutor has discretion to use either Indiana Code § 35–50–2–10 or Indiana Code § 35–50–2–8.

## II

Defendant contends that the trial court erred in its conclusion that it did not possess the discretion to impose anything other than a thirty-year sentence upon the habitual offender adjudication. (Appellant's Br. at 20.)

During the sentencing hearing, Defendant had requested that the trial court "temper justice with mercy" by imposing the most lenient sentence possible. The trial court sentenced Defendant to a total of 60 years in prison. She received ten years for count I, the Class B felony; and 30 years for count II, the Class A felony. *See* I.C. §§ 35–50–2–4, 35–50–2–5 (1998). These are the respective presumptive sentences for Class A and Class B felonies. She also received the maximum sentence of one year for Count III, Dealing Marijuana. *See* I.C. § 35–50–3–2. The court ordered the sentences to be served concurrently.

 The trial court also enhanced Defendant's 30 year sentence for Count II, her Class A felony drug conviction, by 30 years. A habitual offender finding does not constitute a separate crime nor does it result in a separate sentence, rather it results in a sentence enhancement imposed upon the conviction of a subsequent felony. *See Greer v. State,* 680 N.E.2d 526, 527 (Ind.1997); *Pinkston v. State,* 436 N.E.2d 306, 307–08 (Ind.1982). This enhanced Defendant's sentence for Count II from 30 to 60 years. The trial court did not believe it had the discretion to impose anything less than an additional 30 years. The trial court stated its belief that "the legislature intended [to enhance] the most severe felony the person was ... charged with."

---

**3.** Defendant also contends that the her sentence violated the Equal Privileges and Immunities clause Art. I, § 23, of the Indiana Constitution arguing that her sentence was due to the State's exercise of an arbitrary power.

(Appellant's Br. at 23). The language and penalties in the statute punish habitual felony offenders more harshly than the general class of drug offenders and therefore does not appear arbitrary.

Indiana Code § 35–50–2–8(e) states that the court shall sentence a habitual offender "to an additional fixed term that is not less than the presumptive sentence for the underlying offense nor more than three (3) times the presumptive sentence for the underlying offense." It follows that if the underlying offense is a Class A felony, the trial court would be required to impose an additional 30 years because the presumptive sentence for a Class A felony is 30 years. *See* I.C. §§ 35–50–2–8, 35–50–2–4. If the underlying offense is a Class B felony however, the additional sentence could be anywhere from 10 to 30 years because the presumptive sentence for a Class B felony is ten years. *See* I.C. §§ 35–50–2–8 and 35–50–2–5.

■ While the statute controls the range of the enhancement, it does not require that the trial court attach the enhancement to the most severe underlying felony. Where a habitual offender proceeding follows multiple felony convictions, the jury finding of habitual offender status is not linked to any particular conviction. *See Greer*, 680 N.E.2d at 527. The trial court therefore has discretion to choose which sentence to enhance. *See Winn v. State*, 748 N.E.2d 352, 360 (Ind.2001) (trial court could have imposed habitual offender enhancement on one of the Class A or Class D felonies of which the defendant was convicted).

■ The trial court in this case erred when it concluded that it did not have the discretion to enhance either felony. The enhancement of the Class A felony resulted in a total sentence of 60 years. It was within the trial court's discretion to enhance the Class B felony, but the trial court did not consider that alternative. As noted *supra*, had the trial court enhanced the Class B felony, it could have enhanced the 10 year sentence from 10 to 30 years. *See* I.C. §§ 35–50–2–5, 35–50–2–8.

We are unable to ascertain from the record whether the trial court would have imposed a lesser sentence had it understood that it could do so. We therefore remand the case to the trial court for re-sentencing. In doing so, the trial court must choose which felony sentence to enhance.

Defendant also challenges the constitutionality of her sentence, arguing that it was manifestly unreasonable and violated Article I, Section 16, of the Indiana Constitution, regarding proportionality in sentencing. Because we are remanding the case for re-sentencing, we do not reach this issue.

*Conclusion*

We affirm Defendant's conviction and remand the case for re-sentencing in accordance with our opinion.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.