STATE of Indiana, Appellant–Plaintiff,

v.

Kenneth G. WEYER, Appellee–Defendant.

No. 87A04–0501–CR–2.

Court of Appeals of Indiana.

July 20, 2005.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for Appellant.

---

## OPINION

BARNES, Judge.

### Case Summary

The State appeals the trial court's granting of Kenneth Weyer's motion to dismiss an information charging him with one count of Class D felony operating a motor vehicle after being adjudged an habitual traffic violator ("HTV"). We reverse.

### Issue

The State raises one issue, which we restate as whether the trial court properly concluded that an all terrain vehicle ("ATV") is not a motor vehicle for purposes of the HTV statute.

### Facts [1]

On the afternoon of July 5, 2003, Officer Jerry Ash of the Warrick County Police Department observed Weyer and another man riding ATVs on State Route 68. Officer Ash activated his lights, but the men did not stop. When Officer Ash activated his siren, the two men sped up. Officer Ash estimated that the men were traveling at more than eighty miles per hour. The men turned onto State Route 161. Officer Ash passed the men and recognized Weyer. Officer Ash was able to stop the other man and take him into custody while Weyer fled on foot. Officer Ash obtained Weyer's girlfriend's cell phone number and convinced Weyer to turn himself in.

On July 29, 2003, the State charged Weyer with one count of Class D felony operating a motor vehicle after being adjudged an HTV and one count of Class D felony resisting law enforcement. The State also charged Weyer with a Class C infraction for operating an ATV on a state highway.

On August 9, 2004, Weyer filed a motion to dismiss the HTV count arguing that the HTV statute does not apply to ATVs. Following a hearing, the trial court granted Weyer's motion. The State now appeals.

### Analysis

■ As an initial matter, we observe that Weyer did not file an appellee's brief.

---

1. Because of the procedural posture of this case, the facts are based on the officer's case report and the probable cause affidavit.

In such a case, we apply a less stringent standard of review with respect to showings of reversible error. *State v. Palmer,* 496 N.E.2d 1337, 1339 (Ind.Ct.App.1986). We do not have the burden of controverting arguments advanced for reversal. *Id.* The State only needs to establish prima facie error, which is error at first sight, on first appearance, or on the face of it. *Id.*

We review a trial court's grant of a motion to dismiss an information for an abuse of discretion. *State v. Isaacs,* 794 N.E.2d 1120, 1122 (Ind.Ct.App.2003). We will reverse only where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

In his motion to dismiss, Weyer argued that an ATV does not fall within the HTV statute because a license is not required to operate an ATV and because ATVs are forbidden from public roads. The HTV statute prohibits a person, whose driving privileges are validly suspended, from operating a motor vehicle. Ind.Code § 9–30–10–16. A motor vehicle is a vehicle that is self-propelled. I.C. § 9–13–2–105(a). In this case, the ATV was clearly self-propelled, as it could travel at speeds of eighty miles-per-hour.

Weyer argued before the trial court that an ATV does not fall under the HTV statute because the operator of an ATV does not have to be licensed and because ATVs are prohibited from public roads. This argument is without merit. Indiana Code Section 14–16–1–3 defines "off-road vehicle" as a motor driven vehicle capable of cross country travel without the benefit of a road or a trail and immediately over land, water, snow ice, marsh, swampland, or other natural terrain. An ATV fits this definition. To the limited extent in which an individual may operate a motor vehicle on a public highway, street, or right-of-way, he or she must have valid motor vehicle driver's license. I.C. § 14–16–1–20(c). Based on these provisions of the Indiana Code, we conclude the State has made a prima facie showing that the trial court abused its discretion in dismissing the charge against Weyer.

### Conclusion

An ATV is a motor vehicle for purposes of the HTV statute. The trial court abused its discretion in dismissing this charge. We reverse.

Reversed.

KIRSCH, C.J., concurs.

BAKER, J., concurs in result with opinion.

BAKER, Judge, concurring in result with opinion.

I agree with the majority's holding in this case that the trial court erred in granting Weyer's motion to dismiss for the reason that the ATV in these circumstances should be considered a motor vehicle for purposes of our Habitual Traffic Violator (HTV) statute.[2] As noted in the facts, Weyer was observed riding his motor vehicle on State Route 68 and State Route 161 at speeds topping more than eighty miles per hour. Op. at 176.

Be that as it may, there may very well be circumstances where a self-propelled vehicle—other than a motorized bicycle—may not qualify as a motor vehicle subject to the provisions of the HTV statute. An ATV may certainly be driven both "on the road" and "off the road," and that type of vehicle is capable of cross-country travel without the benefit of a road. Op. at 177. On the other hand, I would note that our legislature has seen fit to specifically exempt certain vehicles from the definition of

**2.** Ind.Code § 9–30–10–16.

"off-road vehicle," such as construction vehicles, golf carts, snowmobiles, and registered aircrafts and watercraft. *See* Ind. Code. § 14–16–1–3. Whether the operation of these vehicles might, in some circumstances, be a concern with regard to the applicability of our Habitual Traffic Violator statute remains a question that may be answered on another day. For these reasons, I concur in the result reached by the majority.