**STATE of Indiana, Appellant–Plaintiff,**

**v.**

**Adam L. MANUWAL, Appellee–Defendant.**

**No. 50A05–0703–CR–182.**

Court of Appeals of Indiana.

Nov. 28, 2007.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

James N. Clevenger, Wyland, Humphrey, Wagner, Gifford & Clevenger, LLP, Plymouth, IN, Attorney for Appellee.

## OPINION

BAKER, Chief Judge.

Today we have the occasion to decide whether the trial court correctly determined that a driver of an all terrain vehicle (ATV) should not be prosecuted for driving under the influence of alcohol on his own property pursuant to Indiana Code sections 9–30–5–1 and –2, the statutes governing the offense of operating a vehicle while intoxicated. When examining the relevant provisions, it is apparent that the State should have instead proceeded against Manuwal pursuant to Indiana Code section 14–16–1–23, the statute governing a defendant's operation of an off-road vehicle

while under the influence of an alcoholic beverage.

Appellant-plaintiff State of Indiana (the State) appeals the grant of appellee-defendant Adam L. Manuwal's motion to dismiss—which Manuwal styled as a "verified petition for judicial review of probable cause and motion to suppress" (verified petition)—claiming that the trial court erred in concluding that Manuwal could not be prosecuted for Operating a Vehicle While Intoxicated Endangering a Person,[1] a class A misdemeanor (OWI), on his own property. Appellant's App. p. 9. The State contends that prosecuting Manuwal for the alleged commission of the charged offense should proceed because the OWI statutes make no distinction between operating a vehicle on private and public property. Concluding that Manual's verified petition was properly granted, we affirm the judgment of the trial court.

## FACTS [2]

On June 3, 2006, Indiana Department of Natural Resources Officer Brian Kaser responded to a report involving an off-road vehicle crash resulting in bodily injury. Officer Kaser arrived at the property owned by Manuwal and was informed by other officers who were waiting at the scene that Manuwal had crashed his ATV. One of the officers told Officer Kaser that he thought Manuwal had been consuming alcohol. Manuwal was being transported to the hospital in an ambulance when Officer Kaser arrived.

Jason Hill, who was present at the scene, told Officer Kaser that Manuwal had driven away from the cabin on the ATV. After hearing a crash, Hill ran to the area and found Manuwal under the vehicle. Hill directed Officer Kaser to the accident location, which was in a wooded area approximately 300 yards from Manuwal's cabin.

After photographing the area, Officer Kaser proceeded to the hospital to speak with Manuwal. When Officer Kaser arrived, hospital personnel told him that Manuwal had suffered "some fractures and some post head trauma" and was about to be airlifted to another hospital. Tr. p. 11. Manuwal's blood was drawn at the hospital, and it was determined that his alcohol concentration equivalent was at least .15.

On June 26, 2006, Manuwal was charged with OWI with an alcohol concentration equivalent of at least .15. Thereafter, on December 8, 2006, Manuwal filed the verified petition challenging the legality of the "arrest, detention, and seizure." Appellant's App. p. 9–10. In particular, Manuwal alleged as follows:

3. The Defendant was operating an ATV on his own property away from any public right-of-ways and in areas where the public is not permitted.

4. That the facts upon which the Defendant was charged do not constitute a crime.

5. The arresting officer did not have probable cause to believe the undersigned was operating a vehicle in violation of Indiana Code 9–30–5–2(b).

. . .

7. The detention, arrest and seizure of the Defendant was without probable cause, without a warrant, without his consent, and was therefore illegal.

8. At the time of his arrest, the Defendant was not observed in the com-

---

1. Ind.Code §§ 9–30–5–2(a), -(b).

2. We heard oral argument in this case in Indianapolis on October 22, 2007. We commend counsel for their able presentations.

mission of a crime nor did the police officer have reasonable grounds to believe that the Defendant had committed an offense.

WHEREFORE, the defendant moves the court to find that no probable cause existed for his arrest and that his arrest was illegal because of the absence of authority or probable cause to effect it, or that the probable cause so reported was unreasonably based, and requests to suppress from introducing into evidence in this cause any evidence or other matters that were later obtained and all other knowledge in the fruits thereof that were obtained as a direct and indirect product of the illegal arrest, and of the arrest without probable cause ... and for all other just and proper relief.

Appellant's App. p. 10–11.

Following a hearing, the trial court granted Manuwal's verified petition on the grounds that he had operated his ATV on his own property, away from the public roadway. In its ruling, the trial court determined that Manuwal's actions "did not impact the public safety and he should not be subject to charges for operating while intoxicated." *Id.* at 21. Moreover, the trial court observed

> Manuwal was operating his ATV on his own personal property, which by Officer Kaser's approximation was at the end of a long gravel driveway by a river, and at least 500 yards from the roadway. As a result of this operation, Manuwal was involved in an accident in which he alone was injured. Manuwal's private property is distinguishable from the rural field examined in *Chilcutt*,[3] where the defendant did not own the property and the owners as well as other third parties were allowed onto the property. *Chil-*

*cutt,* 544 N.E.2d at 859. Manuwal owned the property he was operating his ATV on, and he did not invite the public onto this property.

*Id.* at 21. Thereafter, the State filed a motion to dismiss the charges without prejudice. The trial court granted the motion to dismiss on March 22, 2007, and the State now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

We initially observe that the State is appealing a negative judgment. Thus, the State is required to prove that the trial court's ruling was contrary to law. *State v. Litchfield,* 849 N.E.2d 170, 173 (Ind.Ct. App.2006). We will reverse a negative judgment only when the evidence is without conflict and all reasonable inferences lead to a conclusion opposite that reached by the trial court. *Id.* Also, inasmuch as the State acknowledges that Manuwal's verified petition amounted to a motion to dismiss,[4] we review a trial court's grant of a motion to dismiss a charging information for an abuse of discretion. *State v. Isaacs,* 794 N.E.2d 1120, 1122 (Ind.Ct.App.2003). We will reverse only where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

### II. The State's Claim

■ The State maintains that the grant of Manuwal's verified petition must be reversed because Officer Kaser had sufficient probable cause to believe that Manuwal committed the offenses proscribed under our OWI statutes, Indiana Code sections 9–30–5–1 and –2. More specifically, the State contends that Manuwal's operation of the ATV "on private property is of no moment," inasmuch as the stat-

---

3. *Chilcutt v. State,* 544 N.E.2d 856 (Ind.Ct. App.1989).

4. Appellant's App. p. 18.

utes "do not restrict the commission of those offenses to public thoroughfares." Appellant's Br. p. 4.

In resolving this issue, we first turn to the relevant statutes. Indiana Code section 9–30–5–1 provides that

(a) A person who operates a vehicle with an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol but less than fifteen-hundredths (0.15) gram of alcohol per:

(1) one hundred (100) milliliters of the person's blood; or

(2) two hundred ten (210) liters of the person's breath;

commits a Class C misdemeanor.

(b) A person who operates a vehicle with an alcohol concentration equivalent to at least fifteen-hundredths (0.15) gram of alcohol per:

(1) one hundred (100) milliliters of the person's blood; or

(2) two hundred ten (210) liters of the person's breath; commits a Class A misdemeanor.

Indiana Code section 9–30–5–2 provides that

(a) Except as provided in subsection (b), a person who operates a vehicle while intoxicated commits a Class C misdemeanor.

(b) An offense described in subsection (a) is a Class A misdemeanor if the person operates a vehicle in a manner that endangers a person.

In addition to the above, Indiana Code section 9–13–2–196 defines a "vehicle" as a "device in, upon, or by which a person or property is, or may be, transported or drawn upon a highway."

While we have not had the occasion to construe the OWI statutes where the defendant has operated an off-road vehicle on private property, we note that in *State v. Weyer*, 831 N.E.2d 175 (Ind.Ct.App.

2005), the defendant was charged with felony operating a motor vehicle after being adjudged a habitual traffic violator (HTV) while operating an ATV on State Route 68. *Id.* at 176. The trial court granted Weyer's motion to dismiss the HTV count on the grounds that the HTV statute did not apply to off-road vehicles. We reversed, observing that

Indiana Code section 14–16–1–3 defines "off-road vehicle" as a motor driven vehicle capable of cross country travel without the benefit of a road or a trail and immediately over land, water, snow ice, marsh, swampland, or other natural terrain. An ATV fits this definition. To the limited extent in which an individual may operate a motor vehicle on a public highway, street, or right-of-way, he or she must have a valid motor vehicle driver's license. I.C. § 14–16–1–20(c).

*Id.* at 177. Thus, we concluded that based on the statutory definition of "off-road vehicle" in conjunction with the HTV provisions, the State made a prima facie showing the trial court erred in dismissing the charge. Id.

Subsequent to *Weyer,* our legislature repealed the definition of "off-road vehicle" under Indiana Code section 14–16–1–3, effective May 11, 2005. Moreover, our General Assembly has enacted a separate chapter governing the use and operation of off-road vehicles. In accordance with Indiana Code section 14–16–1–1:

It is the general intent and purpose of the general assembly in enacting this chapter to promote:

(1) safety for persons and property;

(2) responsible enjoyment in and connected with the use and operation of off-road vehicles and snowmobiles; and

(3) understanding consistent with the rights of all the citizens of Indiana.

As used in this chapter, a vehicle is defined as an "off-road vehicle or a snowmobile." I.C. § 14–16–1–7. Additionally, Indiana Code section 14–16–1–22 provides that while cities and towns are permitted to pass ordinances regulating the operation of off-road vehicles, those entities are specifically prohibited from adopting an ordinance that "requires a vehicle operator to possess a driver's license issued under IC 9–24–11 while operating an off-road vehicle." The next section of the off-road vehicle legislation provides that "an individual shall not operate a vehicle ... while under the influence of an alcoholic beverage." I.C. § 14–16–1–23(a)(2)(A). And the companion statute, Indiana Code section 14–16–1–29(c), states that a person who operates an off-road vehicle while under the influence of alcohol "commits a Class B misdemeanor."

Unlike the OWI statutes that provide for operator license suspensions and require that individuals have an operator's license to lawfully drive on our roadways, the off-road vehicle statutes contain no such prerequisites. Indeed, Indiana Code section 14–16–1–20 prohibits the operation of off-road vehicles on a public highway, street, or right-of-way "or on a public or private parking lot not specifically designated for the use of vehicles."

Our examination of the OWI statutes in conjunction with the off-road vehicle statutes reveals a somewhat duplicitous definition of the offense under which Manuwal could be charged. Indeed, as the statutes indicate, Indiana Code section 9–30–5–2 pertains to OWI generally, while Indiana Code section 14–16–1–23(a)(2)(A) specifically relates to the operation of an off-road vehicle while intoxicated.

When construing statutes, our primary goal is to determine and effect legislative intent. *Freeman v. State*, 658 N.E.2d 68, 70 (Ind.1995). Moreover, when two statutes address the same subject matter, they are in pari materia and we strive to harmonize them wherever possible. *Id.* The legislature is presumed to have existing statutes in mind when it adopts a new law. *Id.* However, a general rule of statutory construction states that when statutes cannot be harmonized and the legislature dealt with the subject matter in a detailed manner in one and a general manner in the other, the detailed statute prevails. *State v. Greenwood*, 665 N.E.2d 579, 583 (Ind.1996).[5]

Additionally, penal statutes are to be strictly construed against the State. *Id.* However, we are cognizant of the rule that when two criminal statutes overlap such that either may cover a given set of facts, the prosecutor has the discretion to charge under either statute. *Skinner v. State*, 736 N.E.2d 1222, 1222 (Ind.2000). And we further agree with the notion that the State is not required to prosecute under the more specific of two statutes or under the statute carrying the lesser penalty. *See Beech v. State*, 162 Ind.App. 287, 296, 319 N.E.2d 678, 683 (1974) (holding that the State may charge under the less specific general theft statute punishable as a felony instead of the more specific welfare fraud statute punishable as a misdemeanor).

Be that as it may, when applying the principles of statutory construction to this case, it is apparent to us that the narrowly drawn off-road vehicle statutes more clearly reflect the spirit and intent of our legislature in a circumstance where a defendant is alleged to have operated such a vehicle

---

**5.** Although the dissent maintains that we raised the issue of improper charging sua sponte, we have simply examined relevant statutes other than Indiana Code sections 9–30–5–1 and 2 to determine legislative intent with regard to this offense.

under the influence of alcohol. As noted above, unlike the OWI statutes—which require an operator's license [6]—there is no requirement that an individual must possess a driver's license to operate an off-road vehicle on private property. For these reasons, we conclude that the trial court properly granted Manuwal's verified petition because he was improperly charged under the general OWI statutes.

The judgment of the trial court is affirmed.[7]

BAILEY, J., concurs.

VAIDIK, J., dissents with opinion.

VAIDIK, Judge, dissenting.

I respectfully dissent. First, although permissible, I find it problematic that the majority has created an argument on behalf of the defendant, completely altering the stated issue in this appeal. Second, after raising the issue of improper charging *sua sponte*, I believe that the majority improperly applies the law.

The issued raised on appeal was whether the statute under which the defendant was charged, Indiana Code § 9–30–5–1(b), applies to conduct committed on private property. This was the single issue briefed by both the State and the defendant in their appellate briefs. Indeed, to the extent that the issue was whether the Legislature intended to include behaviors such as this within the parameters of

Indiana Code § 9–30–5–1(b), we know that it did. Specifically, Indiana Code § 9–30–5–9 provides, "It is not a defense in an action under this chapter that the accused person was operating a vehicle in a place other than on a highway." Thus, from the plain language of the statute, we can conclude that the Legislature intended that the location of drunken driving be immaterial for the purpose of criminal prosecution. Instead of addressing this question or the related broader question of whether the Legislature could constitutionally extend this prohibition to private property, the majority chose to turn this case into one purely about prosecutorial discretion. While we may raise issues *sua sponte, see Reffett v. State*, 844 N.E.2d 1072, 1073 (Ind.Ct.App.2006), to do so should, in my view, be carefully considered and restrained. The danger inherent in deciding a case upon issues raised *sua sponte* is that our view of the broader picture or nuances may be limited compared to cases in which these issues are fully briefed.

In my view, the majority's decision to mold this case into one about prosecutorial discretion has resulted in an incorrect application of the law. The majority correctly describes Indiana's long-standing law regarding prosecutorial discretion. Specifically, the majority explains that "when two criminal statutes overlap such that either may cover a given set of facts, the

6. Indiana Code section 9–24–1–1 provides in part that "an individual must have a valid Indiana ... (1) operator's license ... issued to the individual by the bureau under this article to drive upon an Indiana highway the type of motor vehicle for which the license or permit was issued."

7. Because we have concluded that Manuwal was improperly charged under the OWI statutes, we need not address whether the State may obtain a conviction against Manuwal for operating the ATV under the influence of al-

cohol on his own property if, in fact, it decides to charge him with an offense under Indiana Code section 14–16–1–23. Indeed, if an individual is charged under the general OWI statute, Indiana Code section 9–30–5–9 states that "it is not a defense in an action under *this chapter* that the accused person was operating a vehicle in a place other than on a highway." (Emphasis added). On the other hand, there is no comparable limitation under the off-road vehicle intoxication statutes.

prosecutor has the discretion to charge under either statute." Slip op. at 9 (citing *Skinner v. State,* 736 N.E.2d 1222, 1222 (Ind.2000)). *See also Hendrix v. State,* 759 N.E.2d 1045, 1047 (Ind.2001). In such a case, "the State is not required to prosecute under the more specific of two statutes or under the statute carrying the lesser penalty." Slip op. at 9 (citing *Beech v. State,* 162 Ind.App. 287, 319 N.E.2d 678, 683 (1974)). *See also Kindred v. State,* 254 Ind. 127, 258 N.E.2d 411, 413 (1970); *Townsend v. State,* 673 N.E.2d 503, 507 (Ind.Ct.App.1996); *Arnold v. State,* 162 Ind.App. 402, 319 N.E.2d 697, 700 (1974), *reh'g denied.*

With the correct legal framework laid, the majority, in my view, fails to correctly apply the law. Recognizing the general applicability of both Indiana Code § 9–30–5–2 and Indiana Code § 14–16–1–23(a)(2)(A) to the facts before us, the majority nonetheless concludes, "[I]t is apparent to us that the narrowly drawn off-road vehicle statutes more clearly reflect the spirit and intent of our legislature...." Slip op. at 9. The majority bases this conclusion upon the specificity of Indiana Code § 14–16–1–23(a)(2)(A) and notes that the operation of an off-road vehicle does not require a driver's license while operation of a vehicle upon a roadway does. This distinction is irrelevant to the question of whether the prosecutor had the discretion to charge Manuwal with Operating While Intoxicated.

Our Supreme Court has expressly rejected the argument that the existence of a more specific statute implies that the Legislature intended defendants to be charged under it. In *Skinner v. State,* two statutes applied to the defendant's conduct. The State charged the defendant with defrauding a financial institution, but the more specific charge would have been check

fraud. The defendant argued that the Legislature intended that she be charged with check fraud, but this Court reasoned, in an opinion summarily affirmed by our Supreme Court,[8] "If the Legislature did not wish to include an act which constitutes check fraud within the defrauding a financial institution statute, it could have specifically excluded acts constituting check fraud from the purview of the defrauding a financial institution code section. It did not do so." *Skinner v. State,* 732 N.E.2d 235, 238 (Ind.Ct.App.2000), *summarily aff'd,* 736 N.E.2d at 1222. Because the "best evidence of legislative intent is the language of the statute itself, and all words must be given their plain and ordinary meaning unless otherwise indicated by statute," *Hendrix,* 759 N.E.2d at 1047 (citation omitted), and the language of Indiana Code chapter 9–30–5 expressly allows for charges of Operating While Intoxicated for driving intoxicated while off-highway, *see* Ind.Code § 9–30–5–9, I believe that it is clear under our case law that the prosecutor in this case had the discretion to charge Manuwal under either statute. Manuwal was not improperly charged.

For the foregoing reasons, I respectfully dissent.

---

8. *Skinner,* 736 N.E.2d at 1222 (citing Ind.     Appellate Rule 11(B)(3)).