**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JESSE R. POAG**
Newburgh, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JAMES GALLOWAY,                                )
                                               )
    Appellant-Defendant,                      )
                                               )
        vs.                             )      No. 82A05-1305-CR-260
                                               )
STATE OF INDIANA,                              )
                                               )
    Appellee-Plaintiff.                       )

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Richard G. D'Amour, Judge
Cause Nos. 82D02-1109-FC-1017, 82D02-1109-FC-1023, 82D02-1109-FC-1024

**December 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

James Galloway appeals his sentence for five counts of home improvement fraud as class C felonies, three counts of home improvement fraud as class D felonies, and being an habitual offender. Galloway raises two issues which we consolidate and restate as whether his sentence is inappropriate in light of the nature of the offenses and the character of the offender. We affirm and remand.

FACTS AND PROCEDURAL HISTORY

Between October 21, 2008, and April 19, 2010, Galloway entered into two home improvement contracts that exceeded $1,000 with Agnes Miller, who was at least sixty years old. Galloway did not intend to perform the home improvement of installing a new roof.

On November 9, 2009, Galloway entered into a home improvement contract with Bobby Pathlin, who was at least sixty years old. Galloway knowingly promised to give Pathlin a new roof and did not intend to perform the contract which was for $10,000 or less.

On November 10, 2010, and March 21, 2011, Galloway entered into two home improvement contracts of $10,000 or more with Janice Smith, who was at least sixty years old. He knowingly promised to provide a new roof, painting, and carpeting, and did not intend to perform or knew that he would not perform.

On February 26, 2011, Galloway knowingly promised to install a new roof for William Hebbeler, who was sixty years old, for less than $10,000. Galloway did not intend to perform or knew that he would not perform.

Between April 15, 2011, and April 30, 2011, Galloway entered into a home improvement contract with Doris Molt, who was at least sixty years old. He promised to paint Molt's house and garage and replace her roof and insulation. He entered into two contracts with Molt that exceeded $10,000 and he did not intend to perform or knew that he would not perform. During that same time period, Galloway entered into home improvement contracts with Mary Humm, James Schwengel, and James Porter but did not intend to perform services.

On September 16, 2011, the State charged Galloway with Count I, home improvement fraud as a class C felony, and with being an habitual offender in cause number 82D02-1109-FC-1017 ("Cause No. 1017"). On November 21, 2011, the State charged Galloway with Count II, home improvement fraud as a class D felony; and Count III, home improvement fraud as a class C felony, in Cause No. 1017. On January 5, 2012, the State charged Galloway with Count IV, home improvement fraud as a class D felony, in Cause No. 1017.

Meanwhile, on September 20, 2011, the State charged Galloway with Count I, home improvement fraud as a class C felony; Count II, home improvement fraud as a class D felony; and being an habitual offender under cause number 82D02-1109-FC-1023 ("Cause No. 1023"). That same day, the State charged Galloway with two counts of home improvement fraud as class C felonies under cause number 82D02-1109-FC-1024 ("Cause No. 1024"). On October 2, 2012, the State filed a motion for joinder of offenses under Cause Nos. 1017, 1023, and 1024, and the court granted the motion.

On November 15, 2012, Galloway filed a motion for psychiatric evaluation, and the court granted the motion. In February 2013, a psychiatrist filed a forensic evaluation which stated that Galloway showed no cognitive deficits or psychotic features which would preclude him from understanding the charges against him and contributing in his best interest to his defense against the charges. That same month, a psychologist filed a report that concluded that Galloway displayed a fairly comprehensive, factual, and rational understanding of court proceedings and a full understanding of the charges he was facing.

On March 8, 2013, Galloway pled guilty as charged. The court accepted Galloway's guilty plea. On May 3, 2013, the court held a sentencing hearing at which several of the victims gave statements. Other victims of Galloway including Karen Kinney also testified. Kinney testified that Galloway was a predator who carefully chose his victims and used "manipulation, intimidation, reverse psychology, putting his victims on the defense, distraction, and simple mass production of propaganda." Transcript at 27. Galloway apologized, conceded that he had been arrogant, and requested to be placed in a type of program where he could continue to work to pay his customers back but "never do home improvement again." Id. at 58.

The court found that Galloway preyed on the elderly and had a criminal history as aggravators and his guilty plea as a mitigator, and found that the aggravators outweighed the mitigators. Under Cause No. 1017, the court sentenced him to four years for Count I, home improvement fraud as a class C felony, one and one-half years for Count II, home improvement fraud as a class D felony, four years for Count III, home improvement fraud

4

as a class C felony, and one and one-half years for Count IV, home improvement fraud as a class D felony, all to run concurrent with each other.

Under Cause No. 1023, the court sentenced Galloway to four years for Count I, home improvement fraud as a class C felony, and one and one-half years for Count II, home improvement fraud as a class D felony, to be served concurrent with each other but served consecutive to the sentence in Cause No. 1017.

Under Cause No. 1024, the court sentenced him to four years for each of the two counts of home improvement fraud as class C felonies to be served concurrent with each other but consecutive to the sentences in Cause Nos. 1017 and 1023. The court also sentenced Galloway to a twelve-year enhancement based upon his status as an habitual offender. Thus, the court sentenced Galloway to an aggregate sentence of twenty-four years.

## DISCUSSION

The issue is whether Galloway's sentence is inappropriate in light of the nature of the offense and the character of the offender.[1] Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense

---

[1] Galloway appears to argue that the trial court abused its discretion in sentencing him when it did not specifically mention the proffered mitigators of his gambling addiction and alcohol abuse. However, "even if the trial court is found to have abused its discretion in the process it used to sentence the defendant, the error is harmless if the sentence imposed was not inappropriate." Mendoza v. State, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007), trans. denied; see also Windhorst v. State, 868 N.E.2d 504, 507 (Ind. 2007) (holding that in the absence of a proper sentencing order, we may either remand for resentencing or exercise our authority to review the sentence pursuant to Ind. Appellate Rule 7(B)), reh'g denied; Shelby v. State, 986 N.E.2d 345, 370 (Ind. Ct. App. 2013) (holding that "even if the trial court did abuse its discretion by failing to consider the alleged mitigating factor of residual doubt, this does not require remand for resentencing"), trans. denied. Accordingly, we need not discuss Galloway's contentions that the court abused its discretion in sentencing him if we determine that his sentence is not inappropriate.

and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

Galloway concedes that he clearly took advantage of the elderly but points out that there was no violence. He argues that "he could, given an appropriate sentence, make some effort at making [the victims] whole, at righting what he has wronged." Appellant's Brief at 8. He also argues that except for his diagnosed gambling addiction he was a "solid businessman with a good reputation." Id. He points out that he took responsibility for his actions and was sixty-one years old at the time of sentencing. The State argues that Galloway threatened his victims and placed them in fear and points to Galloway's criminal history.

Our review of the nature of the offense reveals that Galloway committed home improvement fraud against eight individuals that were all at least sixty years old. At the sentencing hearing, Schwengel testified that he received calls from Galloway that were "rude, defiant, and personally threaten[ing]" to him. Transcript at 21. Smith testified that in just a few months her life was turned upside down. Molt described Galloway as "dishonest, deceptive and thoughtless," and stated that he caused her financial and emotional distress. Id. at 23.

Our review of the character of the offender reveals that Galloway pled guilty as charged. According to the presentence investigation report ("PSI"), "[t]he instant offenses will be [Galloway's] 11th, 12th, and 13th felony convictions." Appellant's Appendix at 531. Galloway has an extensive criminal record dating back to 1974

including convictions for theft in 1992 and 1996, his record shows a pattern of theft and home improvement fraud, and he has pending cases in Gibson County. The PSI indicates that Galloway is in the moderate risk to reoffend category.

With respect to substance abuse, Galloway began using Xanax in late 2010 and was taking approximately two Xanax of unknown strength along with drinking alcohol every day at the time of his arrest. He began smoking marijuana when he was seventeen years old, became a daily user at that time, and stated that he quit smoking marijuana in 2010. He has also used heroin, LSD, hash oil, and cocaine, and has addictions to gambling and alcohol. According to one of the psychological evaluations, Galloway noted that he received treatment at Stepping Stones on multiple occasions both for substance abuse and gambling, but said that while in treatment: "I wasn't honest all the way. I was reaching out but turning back at the same time." Id. at 329.

To the extent that Galloway suggests that he should have received a sentence that allowed him to make restitution to the victims, we observe that the court stated that it was not ordering Galloway to pay restitution because it agreed with the State that it "would likely come or perhaps encourage Mr. Galloway to engage in future behavior of this sort to rob Peter to pay Paul . . . ." Transcript at 67.

After due consideration of the trial court's decision and in light of the nature of the offenses involving the elderly and Galloway's extensive criminal history, we cannot say that the sentences imposed by the trial court which included advisory sentences for the individual offenses is inappropriate in light of the nature of the offenses and the character of the offender.

The State notes that the trial court did not specify which particular underlying felony was to be enhanced when imposing the habitual offender enhancement. The State also notes that it appears the court imposed the habitual offender enhancement as a separate consecutive sentence in the abstract of judgment, and suggests that this case be remanded to correct the abstract and judgment by enhancing the underlying felony in Count I in Cause No. 1017.

It is well settled that a habitual offender finding does not constitute a separate crime, nor does it result in a separate sentence. See Ind. Code § 35-50-2-8. Rather, a habitual offender finding results in a sentence enhancement imposed upon the conviction of a subsequent felony. Hendrix v. State, 759 N.E.2d 1045, 1048 (Ind. 2001). Here, while the court's order related to Cause No. 1017 lists the habitual offender enhancement as Count "I (Part II)," the abstract also shows that the twelve-year enhancement was to be served consecutive to Counts I through IV. Appellant's Appendix at 119. Accordingly, we remand for the trial court to amend the abstract of judgment to show the habitual offender finding as an enhancement to Count I in Cause No. 1017.

CONCLUSION

For the foregoing reasons, we affirm Galloway's aggregate sentence and remand with respect to the habitual offender enhancement.

Affirmed and remanded.

ROBB, C.J., and BARNES, J., concur.