## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 24 2018, 10:04 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Andrew C. Abbott,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

July 24, 2018

Court of Appeals Case No.
18A-CR-670

Appeal from the Henry Circuit Court

The Honorable David L. McCord, Judge

Trial Court Cause No.
33C03-1702-F6-85

**Brown, Judge.**

[1] Andrew Abbott appeals his sentence for possession of methamphetamine as a level 6 felony. Abbott raises one issue which we revise and restate as whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm Abbott's sentence but remand with instructions that the trial court attach his habitual offender enhancement to his sentence for possession of methamphetamine as a level 6 felony.

## Facts and Procedural History

[2] On February 27, 2017, Abbott knowingly and intentionally possessed methamphetamine in Henry County, Indiana. On that date, New Castle police officers were investigating a possible theft and stopped him. He allowed the officers to search him, and they found two baggies of a white substance and other paraphernalia in his pockets. Abbott admitted, and field testing showed, that the substance was methamphetamine.

[3] The State charged Abbott with possession of methamphetamine as a level 6 felony under Count I and possession of paraphernalia as a class C misdemeanor under Count II, and it alleged that he was an habitual offender. Abbott and the State entered into a plea agreement which provided that the class C misdemeanor would be dismissed and that:

> In consideration of [Abbott] pleading guilty to the offense(s) of: Count I, Possession of Methamphetamine, Level 6 Felony, and admit to the Habitual Felony Offender Enhancement, the State agrees that if the Court accepts this agreement, the Court shall sentence defendant as follows:

Count I - Court costs. The state recommends [Abbott] be sentenced to two (2) years to the Indiana Department of Correction[s].

Habitual Felony Offender Enhancement - [Abbott] be sentenced to two (2) years to the Indiana Department of Correction[s].

The Court will be free to assess any sentence within the range of possibilities greater than the recommended sentence. The parties agree that the additional sentence over the recommended sentence will be suspended.

[Abbott] will be free to advocate a lesser sentence and the Court will be free to impose a sentence lesser than the State's recommended sentence; and may use any sentence options to include imprisonment, treatment as a Class A Misdemeanor, direct commitment to Community Corrections to include in-home detention or work release, or suspend any or all with formal probation.

Appellant's Appendix Volume II at 38. Abbott pled guilty to Count I and admitted to being an habitual offender pursuant to the plea agreement.

[4] At sentencing on December 4, 2017, he testified that he was employed and was in a temporarily laid-off position. He presented a paystub showing his employment and a drug screen result form dated October 31, 2017, stating that the reason for the test was pre-employment and that the results were negative for all drugs tested. He indicated he received a certificate of completion of the New Castle IOP treatment program, and stated that, if the court found community corrections placement was appropriate, he had a place to live, and that, until his employer called him back, he was doing side work in

construction. Shannon Giselle, when asked about her connection with Abbott, testified "[w]e've been friends for four years and the last nine months, we've been hanging out again and I've been hiring him to help me do some remodeling work for the place I'm renting." Transcript Volume II at 16. When asked how long the employment would continue, she replied "I have work for the next two years." *Id.* at 17.

[5] Abbott's defense counsel requested that he be placed in community corrections. The prosecutor stated that, based on Abbott's criminal history, the State was asking that he be sentenced to two years on Count I enhanced by two years due to being an habitual offender. Abbott apologized for breaking the law and stated that he never had a drug problem until he was forty years old, that he sought treatment, and that he no longer had a drug issue.

[6] The trial court found Abbott's criminal history and his high risk to reoffend to be aggravating circumstances. It also noted that Abbott signed a plea agreement with a somewhat open sentence and a cap. It sentenced him to two years for his conviction for possession of methamphetamine under Count I and to two years for being an habitual offender under Count III, and it ordered that the sentence under Count III be served consecutive to the sentence under Count I.

## Discussion

[7] The issue is whether Abbott's sentence is inappropriate in light of the nature of the offense and his character. Ind. Appellate Rule 7(B) provides that we "may

revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[8] Abbott argues his sentence is inappropriate and the court failed to consider alternatives to incarceration. He argues that his guilty plea was an acceptance of responsibility and is indicative of his character. He also points to his employment history and substance abuse treatment. The State responds that the sentence was less than the maximum and was a sentence to which Abbott had agreed. It also points to Abbott's multiple contacts with the criminal justice system over many years and his admission that the crime resulted from his substance abuse.

[9] Ind. Code § 35-50-2-7 provides that a person who commits a level 6 felony shall be imprisoned for a fixed term of between six months and two and one-half years, with the advisory sentence being one year. Ind. Code § 35-50-2-8 provides in part that the court shall sentence a person convicted of a level 6 felony and found to be an habitual offender to an additional nonsuspendible fixed term between two years and six years.

[10] Our review of the nature of the offense reveals that Abbott knowingly and intentionally possessed methamphetamine. Officers discovered two baggies of methamphetamine in his pockets. Our review of the character of the offender

reveals that Abbott, who was born in August 1976, pled guilty pursuant to the plea agreement to possession of methamphetamine as a level 6 felony under Count I and admitted to being an habitual offender, and in exchange the State dismissed the charge of possession of paraphernalia as a class C misdemeanor and recommended a sentence of two years on Count I and an enhancement of two years for being an habitual offender. The presentence investigation report ("PSI") indicates that Abbott's juvenile criminal history includes charges for burglary and resisting law enforcement in 1991 and delinquent adjudications for theft as a class C felony if committed by an adult and resisting law enforcement as a class D felony if committed by an adult in 1993. The PSI further indicates that his adult criminal history includes convictions for criminal mischief, resisting law enforcement and minor consuming alcohol in January 1995; trespass and minor consuming alcohol in May 1995; trespass, possession of marijuana, and possession of schedule I, II, III, or IV controlled substance in June 1995; burglary in October 1995 for which he was sentenced to eight years; four counts of burglary in May 2000 for which he was sentenced to an aggregate term of sixteen years; escape in July 2000; receiving stolen property and trespass in December 2010; and visiting a common nuisance in March 2016 and in September 2016.

[11] In addition, the PSI indicates that Abbott was employed by a tree service, that he reported his first use of alcohol and marijuana was at the age of fifteen, his last use of marijuana was a couple of months ago, he had also used speed, methamphetamines, heroin, pain pills, and nerve pills and that his last use was

a couple of months ago, and that he reported using these drugs on a weekly basis. Abbott stated he was currently in IOP. The PSI also indicates that his overall risk assessment score using the Indiana risk assessment system places him in the high risk to reoffend category. After due consideration, we conclude that Abbott has not sustained his burden of establishing that his sentence is inappropriate in light of the nature of the offense and his character.[1]

[12] While we affirm Abbott's aggregate sentence, we observe that the trial court erroneously entered a separate two-year sentence for the habitual offender finding to be served consecutive to the sentence for his conviction under Count I. An habitual offender finding does not constitute a separate crime, nor does it result in a separate sentence. *See* Ind. Code § 35-50-2-8. Rather, an habitual offender finding results in a sentence enhancement imposed upon the conviction of a subsequent felony. *Hendrix v. State*, 759 N.E.2d 1045, 1048 (Ind. 2001). Pursuant to Ind. Code § 35-50-2-8, we remand with instructions that the trial court vacate the separate sentence on the habitual offender finding and attach the enhancement to Abbott's sentence for possession of

---

[1] To the extent Abbott argues the trial court abused its discretion in sentencing him, we need not address this issue because we find that his sentence is not inappropriate under Ind. Appellate Rule 7(B). *See Chappell v. State*, 966 N.E.2d 124, 134 n.10 (Ind. Ct. App. 2012) (noting that any error in failing to consider the defendant's guilty plea as a mitigating factor is harmless if the sentence is not inappropriate) (citing *Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007) (holding that, in the absence of a proper sentencing order, Indiana appellate courts may either remand for resentencing or exercise their authority to review the sentence pursuant to Ind. Appellate Rule 7(B)), *reh'g denied*; *Mendoza v. State*, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007) (noting that, "even if the trial court is found to have abused its discretion in the process it used to sentence the defendant, the error is harmless if the sentence imposed was not inappropriate"), *trans. denied*), *trans. denied*.

methamphetamine as a level 6 felony under Count I and amend the sentencing order and abstract of judgment accordingly.[2]

## *Conclusion*

[13] For the foregoing reasons, we affirm Abbott's sentence and remand for entry of an amended sentencing order and abstract of judgment.

[14] Affirmed and remanded.

Robb, J., and Altice, J., concur.

---

[2] This will not impact the length of Abbott's aggregate sentence.