

**FILED**

Apr 26 2019, 8:38 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darren Bedwell
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Alfonso Artigas,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 26, 2019

Court of Appeals Case No.
18A-CR-2877

Appeal from the Marion Superior
Court

The Honorable Steven J. Rubick,
Magistrate

Trial Court Cause No.
49G10-1802-CM-6864

**Bailey, Judge.**

# Case Summary

[1] Following a bench trial, Alfonso Artigas ("Artigas") was found not guilty of operating a vehicle while intoxicated endangering a person, a Class A

misdemeanor.[1]  He was, however, found guilty of Class C misdemeanor operating a vehicle with an alcohol concentration equivalent to at least .08 but less than .15 g/100mL of blood[2]—even though the stipulated blood test presented only a range from .07 to .084 g/100mL.  Artigas challenges the sufficiency of the evidence supporting that conviction.  We reverse.

## Facts and Procedural History

[2]    Around 3:00 a.m. on February 17, 2018, several officers from the Indianapolis Metropolitan Police Department ("IMPD") were investigating a vehicle collision.  Only one lane of traffic was open.  While that investigation was underway, an officer spotted a vehicle approaching at a high rate of speed.  Several officers yelled and IMPD Officer Duran Brown ("Officer Brown") used his flashlight to alert the driver to stop.  After there was more yelling, the vehicle squealed to an abrupt stop, nearly striking Officer Brown.

[3]    Officer Brown approached the driver—Artigas—who had the odor of alcohol on his breath, slurred speech, and red, glassy eyes.  Artigas said that he spoke little English.  Officer Brown attempted to administer field sobriety tests but was unable to do so because of the language barrier between them.  Officer Brown then obtained a search warrant and transported Artigas to a hospital

---

[1] Ind. Code § 9-30-5-2(a) & -(b).

[2] I.C. § 9-30-5-1(a).

where a blood draw was conducted at 3:53 a.m. An ensuing laboratory report indicated that Artigas's blood had "a whole blood ethyl alcohol concentration in the range of 0.070 to 0.084% w/v (0.070 to 0.084 g/100mL)." Exhibit 1.[3]

[4] The State charged Artigas as follows: Count I—operating a vehicle while intoxicated endangering a person; Count II— operating a vehicle with an alcohol concentration equivalent to at least .08 but less than .15 g/100mL of blood; and Count III—driving without a license as a class C misdemeanor.[4] At a bench trial, Officer Brown was the sole witness and the laboratory report was admitted by stipulation. Artigas was found not guilty of Count I and guilty of the remaining counts. He received partially suspended, sixty-day concurrent sentences on Counts II and III along with 180 days of probation on Count II.

[5] Artigas now appeals.

# Discussion and Decision

[6] When reviewing a challenge to the sufficiency of evidence, "[w]e neither reweigh evidence nor judge witness credibility." *Gibson v. State*, 51 N.E.3d 204, 210 (Ind. 2016). We view the "evidence and reasonable inferences drawn therefrom in a light most favorable to the conviction, and will affirm 'if there is

---

[3] It seems the report offered a range of possible values—instead of a specific measurement—because, "[d]ue to the condition of the blood," the forensic scientist tested the plasma-serum ethyl alcohol concentration, not the whole blood ethyl alcohol concentration, and converted the measurement to the range. *Id.*

[4] I.C. § 9-24-18-1.

substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt.'" *Walker v. State*, 998 N.E.2d 724, 726 (Ind. 2013) (quoting *Davis v. State*, 813 N.E.2d 1176, 1178 (Ind. 2004)).

[7]     Artigas was charged and convicted under Indiana Code Section 9-30-5-1(a), under the portion of that statute criminalizing "operat[ing] a vehicle with an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol but less than fifteen-hundredths (0.15) gram of alcohol per . . . one hundred (100) milliliters of the person's blood." In challenging his conviction, Artigas focuses on the report indicating that his blood alcohol concentration was equivalent to somewhere from .07 to .084 g/100mL. Pointing to this range—most of which falls below the statutory threshold—Artigas argues that "nothing in the record supports the conclusion beyond a reasonable doubt that Artigas'[s] actual whole blood alcohol concentration was at least [.080 g/100mL], rather than below [0.080 g/100mL]." Br. of Appellant at 11.

[8]     The State counters that there was "evidence of [Artigas's] whole blood alcohol concentration level, a range that included 0.08[] and above." Br. of Appellee at 10. According to the State, "law enforcement observations bolster the lab results offered." *Id.* at 11. Indeed, the State suggests that the report, "in conjunction with the extensive testimony of [Artigas's] impaired state offered by Officer Brown[,] allows a reasonable trier of fact to conclude that [Artigas] committed the charged offense beyond a reasonable doubt." *Id.* at 9. The State asserts that Artigas seeks "a new standard" for convictions under the instant

statute—that is, "a requirement that evidence of the whole blood ethyl alcohol concentration *alone* must definitively establish . . . impairment." *Id.*

[9]    The State misplaces its focus on visible signs of impairment. Indiana Code Section 9-30-5-1(a) creates strict liability for operating a vehicle with a blood alcohol concentration within the specified range, irrespective of whether the operator exhibits signs of intoxication. *Compare* I.C. § 9-30-5-1 (criminalizing operating a vehicle based upon the alcohol concentration of blood or breath) *with* I.C. § 9-30-5-2 (criminalizing operating a vehicle "while intoxicated").[5] Indeed, under Indiana Code Section 9-30-5-1(a)—in contrast to Indiana Code Section 9-30-5-2(a)—the question is not whether a person was physically or mentally impaired by alcohol. Rather, to convict the defendant, the fact-finder must instead determine how much alcohol—down to hundredths of a gram— was in 100 milliliters of a person's blood when that person operated a vehicle. Only the laboratory report was relevant to this inquiry. Indeed, evidence of visible intoxication is not probative of a particular scientific measurement.[6]

---

[5] Prosecutors have discretion to choose their charges, *see Hendrix v. State*, 759 N.E.2d 1045, 1047 (Ind. 2001)—and, for whatever reason, the State sought a Class C misdemeanor conviction under this statute. Instead, the State could have focused on Indiana Code Section 9-30-5-2(a), which allows for a Class C misdemeanor conviction where a person—irrespective of measured blood alcohol concentration—"operates a vehicle while intoxicated." This was a lesser-included offense of Count I, the Class A misdemeanor count of operating a vehicle while intoxicated endangering a person. *See* I.C. § 9-30-5-2. When arguing in support of the alcohol-related charges at trial, the State did not request a conviction for this lesser-included offense of Count I—and Artigas was found not guilty of that count. Nevertheless, in finding Artigas not guilty, the trial court remarked that "[t]here is not enough evidence to establish intoxication by virtue of the language barrier." Tr. Vol. II at 19. Thus, even if the State had taken a different approach to the charges, it seems the trial court was not inclined to convict based upon evidence that Artigas was visibly intoxicated.

[6] In this type of case, the State is in the predicament of having to prove a measurement it can never directly measure—that is, the State must prove that the defendant operated a vehicle with an alcohol concentration

[10] Ultimately, a fact-finder is entitled to make inferences, but those inferences must be reasonable. *See Tin Thang v. State*, 10 N.E.3d 1256, 1258-60 (Ind. 2014). Here, the State presented evidence that Artigas displayed signs of intoxication when he was pulled over around 3:00 a.m., and that his blood alcohol concentration was somewhere from .07 to .084 g/100mL at 3:53 a.m. From this evidence, a fact-finder could not conclude beyond a reasonable doubt that Artigas's blood alcohol concentration was at least .08 g/100mL when he operated the vehicle. Thus, there is insufficient evidence to support a conviction as charged under Indiana Code Section 9-30-5-1(a).

[11] Reversed.

Riley, J., and Pyle, J., concur.

---

equivalent to at least .08 g/100mL, but it cannot administer a chemical test until some point *after* the defendant operated a vehicle. *See generally Pattison v. State*, 54 N.E.3d 361, 366-69 (Ind. 2016) (discussing the burdensome expert technique of "retrograde extrapolation"). However, the State need not "present an expert at every trial to explain how alcohol metabolizes in the bloodstream." *Id.* at 367. Rather, if the chemical test meets certain requirements, Indiana Code Section 9-30-6-15(b) provides for a rebuttable presumption of the defendant's alcohol concentration equivalent. One requirement is that the "evidence establishes that . . . the person charged with the offense had an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol per . . . one hundred (100) milliliters of the person's blood at the time the test sample was taken." I.C. § 9-30-6-15(b). The State does not suggest this presumption applies. We nevertheless note that this rebuttable presumption is inapplicable because the State offered evidence of a range of values—most of which were below the statutory threshold—and so the evidence did not "establish[]" the pertinent level. *Id.*